UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

IN RE                                           CHAPTER 7

GEORGE A. ARMSTRONG DBA HANCOCK
ST SML LLC                                      CASE NO. 1-19-44826-nhl

                                                JUDGE: Nancy Hershey Lord

              DEBTOR                            MOTION DATE: December 5, 2019

                                                MOTION TIME:   11:00 AM

        **PLEASE TAKE NOTICE** that upon the annexed affirmation of Nicole DiStasio, an

associate of the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Nationstar Mortgage

LLC d/b/a Mr. Cooper as Servicer for U.S. Bank National Association, not in its individual

capacity but solely as Trustee for Mastr Alternative Loan Trust 2005-3 Mortgage Pass-Through

Certificates, Series 2005-3 ("Movant") will move this Court as set forth below:

| | |
|---|---|
| JUDGE: | HON.  Nancy Hershey Lord |
| RETURN DATE & TIME: | December 5, 2019 at 11:00 AM |
| COURTHOUSE: | United States Bankruptcy Court<br>271 Cadman Plaza East<br>Brooklyn, NY 11201 |
| RELIEF REQUESTED: | The proposed order will seek to vacate the automatic stay imposed by 11 U.S.C. § 362(a) against subject property generally described as 124 Bertha Place, Staten Island, NY 10301, pursuant to 11 U.S.C. § 362(d)(1) based upon the total debt due to Movant, resulting in Movant's lack of adequate protection with regard to the subject property. |

19-083253

**PLEASE TAKE FURTHER NOTICE,** that answering affidavits, if any, to the relief requested, must be served upon and received by Shapiro, DiCaro & Barak, LLC at their offices at 175 Mile Crossing Boulevard, Rochester, NY 14624 and filed with the Clerk of the United States Bankruptcy Court for the Eastern District of New York at United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, NY 11201 no later than seven (7) days prior to the return date of this motion.

Dated:    September 19_____, 2019
        Rochester, New York

                                  /s/ *Nicole DiStasio*
                                  Nicole DiStasio
                                  Bankruptcy Attorney
                                  Shapiro, DiCaro & Barak, LLC
                                  Attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper as Servicer for U.S. Bank National Association, not in its individual capacity but solely as Trustee for Mastr Alternative Loan Trust 2005-3 Mortgage Pass-Through Certificates, Series 2005-3
                                  175 Mile Crossing Boulevard
                                  Rochester, New York 14624
                                  Telephone: (585) 247-9000
                                  Fax: (585) 247-7380

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS NOTICE IS REQUIRED BY THE PROVISIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AND DOES NOT IMPLY THAT WE ARE ATTEMPTING TO COLLECT MONEY FROM ANYONE WHO HAS DISCHARGED THE DEBT UNDER THE BANKRUPTCY LAWS OF THE UNITED STATES.**

TO:    SERVICE LIST

19-083253

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| IN RE | CHAPTER 7 |
| GEORGE A. ARMSTRONG DBA HANCOCK ST SML LLC | CASE NO. 1-19-44826-nhl |
| | JUDGE: Nancy Hershey Lord |
| DEBTOR | MOTION DATE:   December 5, 2019 |
| | MOTION TIME: 11:00 AM |

**AFFIRMATION IN SUPPORT OF
ENTRY OF AN ORDER GRANTING
RELIEF FROM THE AUTOMATIC STAY**

Nicole DiStasio, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District Court for the Eastern District of New York, hereby affirms the following to be true under penalty of perjury:

1.   I am an associate with the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper as Servicer for U.S. Bank National Association, not in its individual capacity but solely as Trustee for Mastr Alternative Loan Trust 2005-3 Mortgage Pass-Through Certificates, Series 2005-3 ("Movant"), a secured creditor of George A. Armstrong dba Hancock St SML LLC ("Debtor").   As such, I am fully familiar with the facts and circumstances of this case.

2.   I make this Affirmation in support of the within request for an Order Granting Relief from the automatic stay, for cause, pursuant to 11 U.S.C. § 362(d)(1).

3.   Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. § 1334.  This is a proceeding to terminate and annul the automatic stay and is therefore a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

19-083253

4. Movant is a secured creditor of the Debtor pursuant to a note executed by George Armstrong on December 30, 2004, whereby George Armstrong promised to repay the principal amount of $595,000.00 plus interest to HSBC Mortgage Corporation (USA) (the "Note").  To secure the repayment of the Note, George Armstrong granted Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation (USA) a mortgage, which was duly recorded in the Richmond County Clerk's Office on July 18, 2005 in Land Doc # 58204 (the "Mortgage," Note and Mortgage, collectively, as the "Loan"), encumbering real property located at 124 Bertha Place, Staten Island, NY 10301 (the "Property").  The Mortgage was transferred from Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation (USA) to Wilmington Trust Company not in its individual capacity but solely as successor Trustee to U.S. Bank National Association, as Trustee, for Mastr Alternative Loan Trust 2005-3, and said transfer was memorialized by an Assignment of Mortgage executed on December 30, 2010, which was duly recorded in the Richmond County Clerk's Office on January 19, 2011 in Land Doc # 367208. The Mortgage was subsequently transferred from Wilmington Trust Company not in its individual capacity but solely as successor Trustee to U.S. Bank National Association, as Trustee, for Mastr Alternative Loan Trust 2005-3 to Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Mortgage Corporation (USA) and said transfer was memorialized by an Assignment of Mortgage executed on October 30, 2012, which was duly recorded in the Richmond County Clerk's Office on April 24, 2013 in Land Doc # 475029. The Mortgage was subsequently transferred from Mortgage Electronic Registration Systems, Inc., as nominee for HSBC Corporation (USA) to HSBC Bank USA, N.A. and said transfer was memorialized by an Assignment of Mortgage executed on November 15, 2011, which was duly recorded in the Richmond County Clerk's Office on November 18, 2011 in Land

Doc # 403341. The Mortgage was subsequently transferred from HSBC Bank USA, N.A. to Wilmington Trust Company not in its individual capacity but solely as successor Trustee to U.S. Bank National Association, as Trustee, for Mastr Alternative Loan Trust 2005-3 and said transfer was memorialized by an Assignment of Mortgage executed on October 30, 2012, which was duly recorded in the Richmond County Clerk's Office on April 24, 2013 in Land Doc # 475028. The Mortgage was subsequently transferred from Wilmington Trust Company not in its individual capacity but solely as successor Trustee to U.S. Bank National Association, as Trustee, for Mastr Alternative Loan Trust 2005-3 to HSBC Bank USA, N.A., and said transfer was memorialized by an Assignment of Mortgage executed on July 28, 2017, which was duly recorded in the Richmond County Clerk's Office on October 10, 2017 in Land Doc # 671085. The Mortgage was subsequently transferred from HSBC Bank USA, N.A., to Nationstar Mortgage LLC and said transfer was memorialized by an Assignment of Mortgage executed on April 17, 2017, which was duly recorded in the Richmond County Clerk's Office on May 9, 2017 in Land Doc # 651900. The Mortgage was subsequently transferred from Nationstar Mortgage LLC to U.S. Bank National Association, not in its individual capacity but solely as Trustee for Mastr Alternative Loan Trust 2005-3 Mortgage Pass-Through Certificates, Series 2005-3 and said transfer was memorialized by an Assignment of Mortgage executed on August 29, 2019 (the "Assignments of Mortgage"). Copies of the Note, Mortgage, and Assignments of Mortgage are annexed hereto as **Exhibit "A"**.

     5.   Upon information and belief, the Debtor herein own(s) the Property.

     6.   Debtor filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code on or about August 8, 2019.

19-083253

7. The Mortgage was in default on the day the Debtor filed this bankruptcy. Based upon said default, Movant initiated foreclosure proceedings in the Supreme Court of the State of New York, County of Richmond, under index number 135404/2015. A Summons and Complaint were filed on April 24, 2015. Copies of the Summons and Complaint are annexed hereto as **Exhibit "B"**. The filing of the instant bankruptcy stayed said action.

8. Debtor has failed to make mortgage payments due to Movant under the terms of the Loan. As a result, the Mortgage remains due for the June 1, 2010 payment and each subsequent payment thereafter.

9. The amount of delinquency due as of August 12, 2019 under the Mortgage is as follows:

| | |
|---|---|
| 111 Defaulted Monthly Payments at $4,826.30 each (June 2010 through August 2019) | $535,719.30 |
| Fees & Costs Due (Lump Sum) | $7,768.13 |
| Total Delinquencies | $543,487.43 |

10. A copy of the Relief from Stay-Real Estate and Cooperative Apartments ("Affidavit") is annexed hereto as **Exhibit "C"**. Since the drafting of the Motion the September 1, 2019 payment has become due.

11. Moreover, in view of the total debt due to Movant and in light of the Debtor's failure to make payments, Movant is no longer adequately protected. The automatic stay must be vacated for cause pursuant to 11 U.S.C. § 362(d)(1).

12. As set forth in the Affidavit, as of August 12, 2019, the approximate debt due and owing to Movant equals $1,008,000.04. The debt is accruing interest at a rate of 6.25% per annum.

13. Based upon the Debtor's Schedule A/B, the Property has an estimated fair value of approximately $1,500,000.00.  A copy of Debtor's Schedule A/B is annexed hereto as **Exhibit "D"**.  As indicated in paragraph 12 herein above, the total debt to Movant equals $1,008,000.04.

14. Movant, according to the laws of the State of New York and the terms and conditions of the Mortgage, desires to continue and/or commence foreclosure proceedings with respect to the Property.

15. The Debtor, Debtor's Attorney, the Chapter 7 Trustee, the Office of the United States Trustee and all creditors that have filed a notice of appearance have each been duly served with the within Notice of Motion, Affirmation, Exhibits and proposed Order Vacating Stay, as more fully set forth in the annexed affidavit of mailing.

16. No prior application has been made for the relief requested herein.

17. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

**WHEREFORE,** Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1) as to the aforementioned Property; allowing Movant, its agents, assigns or successors in interest, leave to exercise its rights pursuant to the Note and Mortgage including but not limited to foreclose the Mortgage secured by the subject Property; and for such other, further and different relief as to this Court may seem just, proper and equitable.

Dated:  September 19        , 2019
        Rochester, New York

/s/ *Nicole DiStasio*
Nicole DiStasio
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Nationstar Mortgage LLC d/b/a Mr.
Cooper as Servicer for U.S. Bank National
Association, not in its individual capacity but solely
as Trustee for Mastr Alternative Loan Trust 2005-3
Mortgage Pass-Through Certificates, Series 2005-3
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380

19-083253

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

IN RE

GEORGE A. ARMSTRONG DBA HANCOCK
ST SML LLC

DEBTOR

CHAPTER 7

CASE NO. 1-19-44826-nhl

JUDGE: Nancy Hershey Lord

MOTION DATE:  December 5, 2019

MOTION TIME: 11:00 AM

## ORDER GRANTING RELIEF FROM
## THE AUTOMATIC STAY

**UPON** consideration of the Application of Nationstar Mortgage LLC d/b/a Mr. Cooper as

Servicer for U.S. Bank National Association, not in its individual capacity but solely as Trustee

for Mastr Alternative Loan Trust 2005-3 Mortgage Pass-Through Certificates, Series 2005-3,

("Movant") dated September  19  , 2019, and it appearing that neither the Debtor nor the

Chapter 7 Trustee nor the U.S. Trustee have opposition to the motion brought by Movant, for

relief from the automatic stay, and with good cause appearing therefore, it is

**ORDERED** that the automatic stay, heretofore in effect pursuant to 11 U.S.C. § 362(a),

is hereby vacated for cause pursuant to 11 U.S.C. § 362(d) as to Movant, its agents, assigns or

successors in interest, so that Movant, its agents, assigns or successors in interest, may take any

and all actions pursuant to the Note and Mortgage and applicable state law including but not

limited to foreclose its mortgage on premises known as 124 Bertha Place, Staten Island, NY

10301 without further application to this Court, and it is further

**ORDERED** that in the event this case is converted to a case under any other chapter of

the U.S. Bankruptcy Code, this Order will remain in full force and effect; and it is further

19-083253

**ORDERED** that the Movant shall promptly report and turn over to the Chapter 7 Trustee any surplus monies realized by any sale of the Property.

# Exhibit "A"





# NOTE

| December 30, 2004 | Jackson Heights | NEW YORK |
|---|---|---|
| [Date] | [City] | [State] |

124 BERTHA PLACE, STATEN ISLAND, NY  10301

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $595,000.00           (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **HSBC Mortgage Corporation (USA)**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of         **6.2500%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st**        day of each month beginning on **February 01, 2005**        . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **January 01, 2035**        , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **2929 WALDEN AVENUE, DEPEW, NY  14043**

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $3,663.52

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

NY

**NEW YORK FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**

-8N(NY) (0005)        Form 3233 1/01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3        Initials:

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen**    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    **2.00** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**  

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is given to me in the manner required by Section 15 of this Security Instrument. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
 GEORGE   ARMSTRONG          -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

Pay to the order of, without recourse

_____
HSBC MORTGAGE CORPORATION (USA)                    *[Sign Original Only]*

By: _____
  Nilda Feliz, Vice President

NY ▮▮▮▮▮                                              ▮▮▮▮▮▮



## Office of the
## Richmond County Clerk
130   Stuyvesant Place
Staten Island, NY 10301

### Hon. Stephen J. Fiala, County Clerk

### Recording and Endorsement Cover Page

| | | | | |
|---|---|---|---|---|
| Document Id: | 000000000018642 | Document Date: 12/30/2004 | Preparation Date: | 07/14/2005 |
| Document Type: | MORTGAGE | | | |
| Document Page Count: | 00019 | | | |

| PRESENTER: | RETURN TO: |
|---|---|
| REGAL TITLE AGENCY | MALIK & ASSOC. |
| 90 BROAD STREET | 75-35 31ST STREET |
| 18TH FL. | SUITE 206-A |
| NEW YORK NY, 10004 | ELMHURST NY, 11370 |

### PROPERTY DATA    # OF BLOCKS    1    # OF LOTS    1

| Block | Lot | | Unit | Address |
|---|---|---|---|---|
| 593 | 163 | Entire Lot | | 124 BERTHA PLACE |
| Property Type: | | Dwelling Only - 1 Family | | |

### PARTIES

| MORTGAGOR INDEX | MORTGAGEE INDEX |
|---|---|
| GEORGE ARNSTRONG | HSBC MORTGAGE CORPORATION (USA) |
| 51 RIDGE AVENUE | 2929 WALDEN AVENUE |
| SAYERVILLE NJ, 08872 | DEPEW NY, 14043 |

Mortgage Cons:          $595,000.00

### PAYMENT DETAIL

Make Checks Payable to:
=====================================================================
Richmond County Clerk:                      68.00 Recording Fees
Richmond County Clerk:                  12,911.25 Mortgage Tax
                                      ---------------------
Total Payments For This Document:          12,979.25
=====================================================================

EXAM _____ DATE 7/18/08

LAND DOC# 58204
24-MORTGAGES
MTAX:  CW 11148     $12,911.25
07/18/2005   10:23:01 A.M.
RECEIPT: 52618   FEE: $68.00
RICHMOND COUNTY CLERK

RECORDED IN RICHMOND COUNTY

JUL 1 8 2005

COUNTY CLERK

Return To: MALIK & ASSOC

75-35 31ST AVENUE,
SUITE 206A, EAST
ELMHURST, NY  11370
Prepared By:
RICCIO, DEBRA A, ,

──────────────────[Space Above This Line For Recording Data]──────────────────

# MORTGAGE MIN ████████████

## WORDS USED OFTEN IN THIS DOCUMENT

(A) "Security Instrument." This document, which is dated **December 30, 2004**
together with all Riders to this document, will be called the "Security Instrument."
(B) "Borrower." **GEORGE ARMSTRONG**

whose address is **124 BERTHA PLACE, STATEN ISLAND, NY  10301**

sometimes will be called "Borrower" and sometimes simply "I" or "me."
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and
existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint,
MI 48501-2026, tel. (888) 679-MERS. **FOR PURPOSES OF RECORDING THIS MORTGAGE,
MERS IS THE MORTGAGEE OF RECORD.**
(D) "Lender." **HSBC Mortgage Corporation (USA)**

will be called "Lender." Lender is a corporation or association which exists under the laws of
**DELAWARE**                              . Lender's address is **2929 WALDEN AVENUE,
DEPEW, NY  14043**

CD ████████

NEW YORK - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS        Form 3033 1/01

-6A(NY) (0005).06
Page 1 of 17                          Initials:
        VMP MORTGAGE FORMS - (800)521-7291

**(E) "Note."** The note signed by Borrower and dated **December 30, 2004**                , will be called the "Note." The Note shows that I owe Lender **FIVE HUNDRED NINETY FIVE THOUSAND and NO/100**

**Dollars (U.S. $595,000.00**                )
plus interest and other amounts that may be payable. I have promised to pay this debt in Periodic Payments and to pay the debt in full by **January 01, 2035**                .

**(F) "Property."** The property that is described below in the section titled "Description of the Property," will be called the "Property."

**(G) "Loan."** The "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(H) "Sums Secured."** The amounts described below in the section titled "Borrower's Transfer to Lender of Rights in the Property" sometimes will be called the "Sums Secured."

**(I) "Riders."** All Riders attached to this Security Instrument that are signed by Borrower will be called "Riders." The following Riders are to be signed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider ☐ Condominium Rider ☐ Second Home Rider
☐ Balloon Rider ☐ Planned Unit Development Rider ☐ 1-4 Family Rider
☐ VA Rider ☐ Biweekly Payment Rider ☐ Other(s) [specify]

**(J) "Applicable Law."** All controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable, judicial opinions will be called "Applicable Law."

**(K) "Community Association Dues, Fees, and Assessments."** All dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization will be called "Community Association Dues, Fees, and Assessments."

**(L) "Electronic Funds Transfer."** "Electronic Funds Transfer" means any transfer of money, other than by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Some common examples of an Electronic Funds Transfer are point-of-sale transfers (where a card such as an asset or debit card is used at a merchant), automated teller machine (or ATM) transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(M) "Escrow Items."** Those items that are described in Section 3 will be called "Escrow Items."

**(N) "Miscellaneous Proceeds."** "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than Insurance Proceeds, as defined in, and paid under the coverage described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) Condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of Condemnation or sale to avoid Condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property. A taking of the Property by any governmental authority by eminent domain is known as "Condemnation."

**(O) "Mortgage Insurance."** "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P) "Periodic Payment."** The regularly scheduled amount due for (i) principal and interest under the Note, and (ii) any amounts under Section 3 will be called "Periodic Payment."

**(Q) "RESPA."** "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

NY ▮▮▮▮

Initials: ╳

▮▮▮▮

-6A(NY) (0005).06                Page 2 of 17                Form 3033 1/01

Regal Title Agency as agent for
## LAWYERS TITLE INSURANCE CORPORATION

### SCHEDULE A CONTINUATION

Title Number: ▮▮▮▮▮▮▮▮

### BLOCK 593 LOT 163 ON THE TAX MAP OF RICHMOND COUNTY

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Staten Island, County of Richmond, City and State of New York, being bounded and described as follows:

BEGINNING at a point on the westerly side of Bertha Place where the same is intersection by the southerly end of a curve having a radius of 30 feet and a length of 47.12 feet, which curve connects the westerly side of Bertha Place and the southerly side of Grymes Hill Road and from said point of beginning running along the westerly side of Bertha Place along an arc of a curve having a radius of 315.35 feet, a distance of 98.90 feet;

RUNNING THENCE north 79 degrees, 37 minutes , 29 seconds west, 109.44 feet;

THENCE north 04 degrees, 58 minutes, 47 seconds east, 89.93 feet to a point on the southerly side of Grymes Hill Road;

THENCE north 78 degrees, 17 minutes, 13 seconds east, 60.94 feet to a point on the northerly end of the curve first above mentioned.

THENCE in a general southeasterly direction along the arc of said curve, a distance of 47.12 feet to the westerly side of Bertha Place, the point or place of BEGINNING.

Schedule A 2 of 2

## BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY

I mortgage, grant and convey the Property to MERS (solely as nominee for Lender and Lender's successors in interest) and its successors in interest subject to the terms of this Security Instrument. This means that, by signing this Security Instrument, I am giving Lender those rights that are stated in this Security Instrument and also those rights that Applicable Law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I fail to:

(A) Pay all the amounts that I owe Lender as stated in the Note including, but not limited to, all renewals, extensions and modifications of the Note;

(B) Pay, with interest, any amounts that Lender spends under this Security Instrument to protect the value of the Property and Lender's rights in the Property; and

(C) Keep all of my other promises and agreements under this Security Instrument and the Note.

I understand and agree that MERS holds only legal title to the rights granted by me in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right:

(A) to exercise any or all of those rights, including, but not limited to, the right to foreclose and sell the Property; and

(B) to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

## DESCRIPTION OF THE PROPERTY

I give MERS (solely as nominee for Lender and Lender's successors in interest) rights in the Property described in (A) through (G) below:

(A) The Property which is located at 124 BERTHA PLACE

[Street]

STATEN ISLAND            [City, Town or Village], New York 10301        [Zip Code].
This Property is in RICHMOND                                County. It has the following legal
description: SEE SCHEDULE A ATTACHED HERETO
THIS PROPERTY IS IMPROVED BY A 1 OR 2 FAMILY DWELLING.
THIS IS A PURCHASE MONEY MORTGAGE.

(B) All buildings and other improvements that are located on the Property described in subsection (A) of this section;

(C) All rights in other property that I have as owner of the Property described in subsection (A) of this section. These rights are known as "easements and appurtenances attached to the Property;"

(D) All rights that I have in the land which lies in the streets or roads in front of, or next to, the Property described in subsection (A) of this section;

NY

-6A(NY) (0005) 08            Page 3 of 17            Form 3033 1/01

Initials

(E) All fixtures that are now or in the future will be on the Property described in subsections (A) and (B) of this section;

(F) All of the rights and property described in subsections (B) through (E) of this section that I acquire in the future; and

(G) All replacements of or additions to the Property described in subsections (B) through (F) of this section and all Insurance Proceeds for loss or damage to, and all Miscellaneous Proceeds of the Property described in subsections (A) through (F) of this section.

## BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY

I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property, except for those which are of public record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

## PLAIN LANGUAGE SECURITY INSTRUMENT

This Security Instrument contains promises and agreements that are used in real property security instruments all over the country. It also contains other promises and agreements that vary in different parts of the country. My promises and agreements are stated in "plain language."

## COVENANTS

I promise and I agree with Lender as follows:

**1. Borrower's Promise to Pay.** I will pay to Lender on time principal and interest due under the Note and any prepayment, late charges and other amounts due under the Note. I will also pay all amounts for Escrow Items under Section 3 of this Security Instrument.

Payments due under the Note and this Security Instrument shall be made in U.S. currency. If any of my payments by check or other payment instrument is returned to Lender unpaid, Lender may require my payment be made by: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location required in the Note, or at another location designated by Lender under Section 15 of this Security Instrument. Lender may return or accept any payment or partial payment if it is for an amount that is less than the amount that is then due. If Lender accepts a lesser payment, Lender may refuse to accept a lesser payment that I may make in the future and does not waive any of its rights. Lender is not obligated to apply such lesser payments when it accepts such payments. If interest on principal accrues as if all Periodic Payments had been paid when due, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until I make payments to bring the Loan current. If I do not do so within a reasonable period of time, Lender will either apply such funds or return them to me. In the event of foreclosure, any unapplied funds will be applied to the outstanding principal balance immediately prior to foreclosure. No offset or claim which I might have now or in the future against Lender will relieve me from making payments due under the Note and this Security Instrument or keeping all of my other promises and agreements secured by this Security Instrument.

**2. Application of Borrower's Payments and Insurance Proceeds.** Unless Applicable Law or this Section 2 requires otherwise, Lender will apply each of my payments that Lender accepts in the following order:

First, to pay interest due under the Note;

Next, to pay principal due under the Note; and

Next, to pay the amounts due Lender under Section 3 of this Security Instrument.

Such payments will be applied to each Periodic Payment in the order in which it became due.

Any remaining amounts will be applied as follows:

First, to pay any late charges;

Next, to pay any other amounts due under this Security Instrument; and

Next, to reduce the principal balance of the Note.

NY

LMP -6A(NY) (0005).06                Page 4 of 17                Initials: _____                Form 3033 1/01

If Lender receives a payment from me for a late Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the late Periodic Payment and the late charge. If more than one Periodic Payment is due, Lender may apply any payment received from me: First, to the repayment of the Periodic Payments that are due if, and to the extent that, each payment can be paid in full; Next, to the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due.

Voluntary prepayments will be applied as follows: First, to any prepayment charges; and Next, as described in the Note.

Any application of payments, Insurance Proceeds, or Miscellaneous Proceeds to principal due under the Note will not extend or postpone the due date of the Periodic Payments or change the amount of those payments.

**3. Monthly Payments For Taxes And Insurance.**

**(a) Borrower's Obligations.**

I will pay to Lender all amounts necessary to pay for taxes, assessments, water charges, sewer rents and other similar charges, ground leasehold payments or rents (if any), hazard or property insurance covering the Property, flood insurance (if any), and any required Mortgage Insurance, or a Loss Reserve as described in Section 10 in the place of Mortgage Insurance. Each Periodic Payment will include an amount to be applied toward payment of the following items which are called "Escrow Items:"

(1) The taxes, assessments, water charges, sewer rents and other similar charges, on the Property which under Applicable Law may be superior to this Security Instrument as a Lien on the Property. Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a "Lien;"

(2) The leasehold payments or ground rents on the Property (if any);

(3) The premium for any and all insurance required by Lender under Section 5 of this Security Instrument;

(4) The premium for Mortgage Insurance (if any);

(5) The amount I may be required to pay Lender under Section 10 of this Security Instrument instead of the payment of the premium for Mortgage Insurance (if any); and

(6) If required by Lender, the amount for any Community Association Dues, Fees, and Assessments.

After signing the Note, or at any time during its term, Lender may include these amounts as Escrow Items. The monthly payment I will make for Escrow Items will be based on Lender's estimate of the annual amount required.

I will pay all of these amounts to Lender unless Lender tells me, in writing, that I do not have to do so, or unless Applicable Law requires otherwise. I will make these payments on the same day that my Periodic Payments of principal and interest are due under the Note.

The amounts that I pay to Lender for Escrow Items under this Section 3 will be called "Escrow Funds." I will pay Lender the Escrow Funds for Escrow Items unless Lender waives my obligation to pay the Escrow Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Escrow Funds for any or all Escrow Items at any time. Any such waiver must be in writing. In the event of such waiver, I will pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Escrow Funds has been waived by Lender and, if Lender requires, will promptly send to Lender receipts showing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts will be considered to be a promise and agreement contained in this Security Instrument, as the phrase "promises and agreements" is used in Section 9 of this Security Instrument. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may pay that amount and I will then be obligated under Section 9 of this Security Instrument to repay to Lender. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 of this Security Instrument and, upon the revocation, I will pay to Lender all Escrow Funds, and in amounts, that are then required under this Section 3.

NY

Initials

I promise to promptly send to Lender any notices that I receive of Escrow Item amounts to be paid. Lender will estimate from time to time the amount of Escrow Funds I will have to pay by using existing assessments and bills and reasonable estimates of the amount I will have to pay for Escrow Items in the future, unless Applicable Law requires Lender to use another method for determining the amount I am to pay.

Lender may, at any time, collect and hold Escrow Funds in an amount sufficient to permit Lender to apply the Escrow Funds at the time specified under RESPA. Applicable Law puts limits on the total amount of Escrow Funds Lender can at any time collect and hold. This total amount cannot be more than the maximum amount a lender could require under RESPA. If there is another Applicable Law that imposes a lower limit on the total amount of Escrow Funds Lender can collect and hold, Lender will be limited to the lower amount.

**(b) Lender's Obligations.**

Lender will keep the Escrow Funds in a savings or banking institution which has its deposits insured by a federal agency, instrumentality, or entity, or in any Federal Home Loan Bank. If Lender is such a savings or banking institution, Lender may hold the Escrow Funds. Lender will use the Escrow Funds to pay the Escrow Items no later than the time allowed under RESPA or other Applicable Law. Lender will give to me, without charge, an annual accounting of the Escrow Funds. That accounting will show all additions to and deductions from the Escrow Funds and the reason for each deduction.

Lender may not charge me for holding or keeping the Escrow Funds, for using the Escrow Funds to pay Escrow Items, for making a yearly analysis of my payment of Escrow Funds or for receiving, or for verifying and totaling assessments and bills. However, Lender may charge me for these services if Lender pays me interest on the Escrow Funds and if Applicable Law permits Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Escrow Funds unless either (1) Lender and I agree in writing that Lender will pay interest on the Escrow Funds, or (2) Applicable Law requires Lender to pay interest on the Escrow Funds.

**(c) Adjustments to the Escrow Funds.**

Under Applicable Law, there is a limit on the amount of Escrow Funds Lender may hold. If the amount of Escrow Funds held by Lender exceeds this limit, then there will be an excess amount and RESPA requires Lender to account to me in a special manner for the excess amount of Escrow Funds.

If, at any time, Lender has not received enough Escrow Funds to make the payments of Escrow Items when the payments are due, Lender may tell me in writing that an additional amount is necessary. I will pay to Lender whatever additional amount is necessary to pay the Escrow Items when the payments are due, but the number of payments will not be more than 12.

When I have paid all of the Sums Secured, Lender will promptly refund to me any Escrow Funds that are then being held by Lender.

**4. Borrower's Obligation to Pay Charges, Assessments And Claims.** I will pay all taxes, assessments, water charges, sewer rents and other similar charges, and any other charges and fines that may be imposed on the Property and that may be superior to this Security Instrument. I will also make ground rents or payments due under my lease if I am a tenant on the Property and Community Association Dues, Fees, and Assessments (if any) due on the Property. If these items are Escrow Items, I will do this by making the payments as described in Section 3 of this Security Instrument. In this Security Instrument, the word "Person" means any individual, organization, governmental authority or other party.

I will promptly pay or satisfy all Liens against the Property that may be superior to this Security Instrument. However, this Security Instrument does not require me to satisfy a superior Lien if: (a) I agree, in writing, to pay the obligation which gave rise to the superior Lien and Lender approves the way in which I agree to pay that obligation, but only so long as I am performing such agreement; (b) in good faith, I argue or defend against the superior Lien in a lawsuit so that in Lender's opinion, during the lawsuit, the superior Lien may not be enforced, but only until the lawsuit ends; or (c) I secure from the holder of that other Lien an agreement, approved in writing by Lender, that the Lien of this Security

NY ▮▮▮▮▮

Instrument is superior to the Lien held by that Person. If Lender determines that any part of the Property is subject to a superior Lien, Lender may give Borrower a notice identifying the superior Lien. Within 10 days of the date on which the notice is given, Borrower shall pay or satisfy the superior Lien or take one or more of the actions mentioned in this Section 4.

Lender also may require me to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with the Loan, unless Applicable Law does not permit Lender to make such a charge.

**5. Borrower's Obligation to Maintain Hazard Insurance or Property Insurance.** I will obtain hazard or property insurance to cover all buildings and other improvements that now are, or in the future will be, located on the Property. The insurance will cover loss or damage caused by fire, hazards normally covered by "Extended Coverage" hazard insurance policies, and any other hazards for which Lender requires coverage, including, but not limited to earthquakes and floods. The insurance will be in the amounts (including, but not limited to, deductible levels) and for the periods of time required by Lender. What Lender requires under the last sentence can change during the term of the Loan. I may choose the insurance company, but my choice is subject to Lender's right to disapprove. Lender may not disapprove my choice unless the disapproval is reasonable. Lender may require me to pay either (a) a one-time charge for flood zone determination, certification and tracking services, or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect the flood zone determination or certification. If I disagree with the flood zone determination, I may request the Federal Emergency Management Agency to review the flood zone determination and I promise to pay any fees charged by the Federal Emergency Management Agency for its review.

If I fail to maintain any of the insurance coverages described above, Lender may obtain insurance coverage, at Lender's option and my expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage will cover Lender, but might or might not protect me, my equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. I acknowledge that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that I could have obtained. Any amounts disbursed by Lender under this Section 5 will become my additional debt secured by this Security Instrument. These amounts will bear interest at the interest rate set forth in the Note from the date of disbursement and will be payable with such interest, upon notice from Lender to me requesting payment.

All of the insurance policies and renewals of those policies will include what is known as a "Standard Mortgage Clause" to protect Lender and will name Lender as mortgagee and/or as an additional loss payee. The form of all policies and renewals will be acceptable to Lender. Lender will have the right to hold the policies and renewal certificates. If Lender requires, I will promptly give Lender all receipts of paid premiums and renewal notices that I receive.

If I obtain any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy will include a Standard Mortgage Clause and will name Lender as mortgagee and/or as an additional loss payee.

If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

The amount paid by the insurance company for loss or damage to the Property is called "Insurance Proceeds." Unless Lender and I otherwise agree in writing, any Insurance Proceeds, whether or not the underlying insurance was required by Lender, will be used to repair or to restore the damaged Property unless: (a) it is not economically feasible to make the repairs or restoration; (b) the use of the Insurance Proceeds for that purpose would lessen the protection given to Lender by this Security Instrument; or (c) Lender and I have agreed in writing not to use the Insurance Proceeds for that purpose. During the period

NY

that any repairs or restorations are being made, Lender may hold any Insurance Proceeds until it has had an opportunity to inspect the Property to verify that the repair work has been completed to Lender's satisfaction. However, this inspection will be done promptly. Lender may make payments for the repairs and restorations in a single payment or in a series of progress payments as the work is completed. Unless Lender and I agree otherwise in writing or unless Applicable Law requires otherwise, Lender is not required to pay me any interest or earnings on the Insurance Proceeds. I will pay for any public adjusters or other third parties that I hire, and their fees will not be paid out of the Insurance Proceeds. If the repair or restoration is not economically feasible or if it would lessen Lender's protection under this Security Instrument, then the Insurance Proceeds will be used to reduce the amount that I owe to Lender under this Security Instrument. Such Insurance Proceeds will be applied in the order provided for in Section 2. If any of the Insurance Proceeds remain after the amount that I owe to Lender has been paid in full, the remaining Insurance Proceeds will be paid to me.

If I abandon the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim, Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 of this Security Instrument or otherwise, I give Lender my rights to any Insurance Proceeds in an amount not greater than the amounts unpaid under the Note and this Security Instrument. I also give Lender any other of my rights (other than the right to any refund of unearned premiums that I paid) under all insurance policies covering the Property, if the rights are applicable to the coverage of the Property. Lender may use the Insurance Proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Borrower's Obligations to Occupy The Property.** I will occupy the Property and use the Property as my principal residence within 60 days after I sign this Security Instrument. I will continue to occupy the Property and to use the Property as my principal residence for at least one year. The one-year period will begin when I first occupy the Property. However, I will not have to occupy the Property and use the Property as my principal residence within the time frames set forth above if Lender agrees in writing that I do not have to do so. Lender may not refuse to agree unless the refusal is reasonable. I also will not have to occupy the Property and use the Property as my principal residence within the time frames set forth above if extenuating circumstances exist which are beyond my control.

**7. Borrower's Obligations to Maintain And Protect The Property And to Fulfill Any Lease Obligations.**

**(a) Maintenance and Protection of the Property.**

I will not destroy, damage or harm the Property, and I will not allow the Property to deteriorate. Whether or not I am residing in the Property, I will keep the Property in good repair so that it will not deteriorate or decrease in value due to its condition. Unless it is determined under Section 5 of this Security Instrument that repair is not economically feasible, I will promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or Condemnation (as defined in the definition of Miscellaneous Proceeds) proceeds are paid because of loss or damage to, or Condemnation of, the Property, I will repair or restore the Property only if Lender has released those proceeds for such purposes. Lender may pay for the repairs and restoration out of proceeds in a single payment or in a series of progress payments as the work is completed. If the insurance or Condemnation proceeds are not sufficient to repair or restore the Property, I promise to pay for the completion of such repair or restoration.

**(b) Lender's Inspection of Property.**

Lender, and others authorized by Lender, may enter on and inspect the Property. They will do so in a reasonable manner and at reasonable times. If it has a reasonable purpose, Lender may inspect the inside of the home or other improvements on the Property. Before or at the time an inspection is made, Lender will give me notice stating a reasonable purpose for such interior inspection.

**8. Borrower's Loan Application.** If, during the application process for the Loan, I, or any Person or entity acting at my direction or with my knowledge or consent, made false, misleading, or inaccurate statements to Lender about information important to Lender in determining my eligibility for the Loan (or did not provide Lender with such information), Lender will treat my actions as a default under this Security Instrument. False, misleading, or inaccurate statements about information important to Lender would include a misrepresentation of my intention to occupy the Property as a principal residence. This is just one example of a false, misleading, or inaccurate statement of important information.

**9. Lender's Right to Protect Its Rights in The Property.** If: (a) I do not keep my promises and agreements made in this Security Instrument; (b) someone, including me, begins a legal proceeding that may significantly affect Lender's interest in the Property or rights under this Security Instrument (such as a legal proceeding in bankruptcy, in probate, for Condemnation or Forfeiture (as defined in Section 11), proceedings which could give a Person rights which could equal or exceed Lender's interest in the Property or under this Security Instrument, proceedings for enforcement of a Lien which may become superior to this Security Instrument, or to enforce laws or regulations); or (c) I have abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and Lender's rights under this Security Instrument.

Lender's actions may include, but are not limited to: (a) protecting and/or assessing the value of the Property; (b) securing and/or repairing the Property; (c) paying sums to eliminate any Lien against the Property that may be equal or superior to this Security Instrument; (d) appearing in court; and (e) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Lender can also enter the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, have utilities turned on or off, and take any other action to secure the Property. Although Lender may take action under this Section 9, Lender does not have to do so and is under no duty to do so. I agree that Lender will not be liable for not taking any or all actions under this Section 9.

I will pay to Lender any amounts, with interest, which Lender spends under this Section 9. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will pay interest on those amounts at the interest rate set forth in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. This Security Instrument will protect Lender in case I do not keep this promise to pay those amounts with interest.

If I do not own, but am a tenant on the Property, I will fulfill all my obligations under my lease. I also agree that, if I acquire the full title (sometimes called "Fee Title") to the Property, my lease interest and the Fee Title will not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, I will pay the premiums for the Mortgage Insurance. If, for any reason, the Mortgage Insurance coverage ceases to be available from the mortgage insurer that previously provided such insurance and Lender required me to make separate payments toward the premiums for Mortgage Insurance, I will pay the premiums for substantially equivalent Mortgage Insurance coverage from an alternate mortgage insurer. However, the cost of this Mortgage Insurance coverage will be substantially equivalent to the cost to me of the previous Mortgage Insurance coverage, and the alternate mortgage insurer will be selected by Lender.

If substantially equivalent Mortgage Insurance coverage is not available, Lender will establish a non-refundable "Loss Reserve" as a substitute for the Mortgage Insurance coverage. I will continue to pay to Lender each month an amount equal to one-twelfth of the yearly Mortgage Insurance premium (as of the time the coverage lapsed or ceased to be in effect). Lender will retain these payments, and will use these payments to pay for losses that the Mortgage Insurance would have covered. The Loss Reserve is non-refundable even if the Loan is ultimately paid in full and Lender is not required to pay me any interest on the Loss Reserve. Lender can no longer require Loss Reserve payments if: (a) Mortgage Insurance

coverage again becomes available through an insurer selected by Lender; (b) such Mortgage Insurance is obtained; (c) Lender requires separately designated payments toward the premiums for Mortgage Insurance; and (d) the Mortgage Insurance coverage is in the amount and for the period of time required by Lender.

If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separate payments toward the premiums for Mortgage Insurance, I will pay the Mortgage Insurance premiums, or the Loss Reserve payments, until the requirement for Mortgage Insurance ends according to any written agreement between Lender and me providing for such termination or until termination of Mortgage Insurance is required by Applicable Law. Lender may require me to pay the premiums, or the Loss Reserve payments, in the manner described in Section 3 of this Security Instrument. Nothing in this Section 10 will affect my obligation to pay interest at the rate provided in the Note.

A Mortgage Insurance policy pays Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance policy.

Mortgage insurers assess their total risk on all Mortgage Insurance from time to time. Mortgage insurers may enter into agreements with other parties to share or change their risk, or to reduce losses. These agreements are based on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include Mortgage Insurance premiums).

As a result of these agreements, Lender, any owner of the Note, another insurer, any reinsurer, or any other entity may receive (directly or indirectly) amounts that come from a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or changing the mortgage insurer's risk, or reducing losses. If these agreements provide that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." It also should be understood that: (a) any of these agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. These agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund; and (b) any of these agreements will not affect the rights Borrower has - if any - regarding the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right (a) to receive certain disclosures, (b) to request and obtain cancellation of the Mortgage Insurance, (c) to have the Mortgage Insurance terminated automatically, and/or (d) to receive a refund of any Mortgage Insurance premiums that were not earned at the time of such cancellation or termination.

**11. Agreements About Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are assigned to and will be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds will be applied to restoration or repair of the Property, if (a) the restoration or repair is economically feasible, and (b) Lender's security given in this Security Instrument is not lessened. During such repair and restoration period, Lender will have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect the Property to verify that the work has been completed to Lender's satisfaction. However, the inspection will be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless Lender and I agree otherwise in writing or unless Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender will not be required to pay Borrower any interest or earnings on the Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security given in this Security Instrument would be lessened, the Miscellaneous Proceeds will be applied to the Sums Secured, whether or not then due. The excess, if any, will be paid to me. Such Miscellaneous Proceeds will be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds will be applied to the Sums Secured, whether or not then due. The excess, if any, will be paid to me.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the Sums Secured immediately before the partial taking, destruction, or loss in





Initials

value, the Sums Secured will be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the Sums Secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to me.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the Sums Secured immediately before the partial taking, destruction, or loss in value, the Miscellaneous Proceeds will be applied to the Sums Secured whether or not the sums are then due.

If I abandon the Property, or if, after Lender sends me notice that the Opposing Party (as defined in the next sentence) offered to make an award to settle a claim for damages, I fail to respond to Lender within 30 days after the date Lender gives notice, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the Sums Secured, whether or not then due. "Opposing Party" means the third party that owes me Miscellaneous Proceeds or the party against whom I have a right of action in regard to Miscellaneous Proceeds.

I will be in default under this Security Instrument if any civil or criminal action or proceeding that Lender determines could result in a court ruling (a) that would require Forfeiture of the Property, or (b) that could damage Lender's interest in the Property or rights under this Security Instrument. "Forfeiture" is a court action to require the Property, or any part of the Property, to be given up. I may correct the default by obtaining a court ruling that dismisses the court action, if Lender determines that this court ruling prevents Forfeiture of the Property and also prevents any damage to Lender's interest in the Property or rights under this Security Instrument. If I correct the default, I will have the right to have enforcement of this Security Instrument discontinued, as provided in Section 19 of this Security Instrument, even if Lender has required Immediate Payment in Full (as defined in Section 22). The proceeds of any award or claim for damages that are attributable to the damage or reduction of Lender's interest in the Property are assigned, and will be paid, to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property will be applied in the order provided for in Section 2.

**12. Continuation of Borrower's Obligations And of Lender's Rights.**

**(a) Borrower's Obligations.**

Lender may allow me, or a Person who takes over my rights and obligations, to delay or to change the amount of the Periodic Payments. Even if Lender does this, however, I will still be fully obligated under the Note and under this Security Instrument unless Lender agrees to release me, in writing, from my obligations.

Lender may allow those delays or changes for me or a Person who takes over my rights and obligations, even if Lender is requested not to do so. Even if Lender is requested to do so, Lender will not be required to (1) bring a lawsuit against me or such a Person for not fulfilling obligations under the Note or under this Security Instrument, or (2) refuse to extend time for payment or otherwise modify amortization of the Sums Secured.

**(b) Lender's Rights.**

Even if Lender does not exercise or enforce any right of Lender under this Security Instrument or under Applicable Law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if: (1) Lender obtains insurance, pays taxes, or pays other claims, charges or Liens against the Property; (2) Lender accepts payments from third Persons; or (3) Lender accepts payments in amounts less than the amount then due, Lender will have the right under Section 22 below to demand that I make Immediate Payment in Full of any amounts remaining due and payable to Lender under the Note and under this Security Instrument.

**13. Obligations of Borrower And of Persons Taking Over Borrower's Rights or Obligations.** If more than one Person signs this Security Instrument as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Security Instrument. Lender may enforce Lender's rights under this Security Instrument against each of us individually or against all of us together. This means that any one of us may be required to pay all of the Sums Secured. However, if one of us does not sign the Note: (a) that Person is signing this Security Instrument only to give that Person's rights in the Property to Lender under the terms of this Security Instrument; (b) that Person is not personally obligated to pay the Sums Secured; and (c) that Person agrees that Lender may agree with the other Borrowers to

NY

VMP-6A(NY) (0005).06                    Page 11 of 17         Initials:              Form 3033 1/01

delay enforcing any of Lender's rights, to modify, or make any accommodations with regard to the terms of this Security Instrument or the Note without that Person's consent.

Subject to the provisions of Section 18 of this Security Instrument, any Person who takes over my rights or obligations under this Security Instrument in writing, and is approved by Lender in writing, will have all of my rights and will be obligated to keep all of my promises and agreements made in this Security Instrument. Borrower will not be released from Borrower's obligations and liabilities under this Security Instrument unless Lender agrees to such release in writing. Any Person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights and will be obligated to keep all of Lender's promises and agreements made in this Security Instrument except as provided under Section 20.

**14. Loan Charges.** Lender may charge me fees for services performed in connection with my default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. With regard to other fees, the fact that this Security Instrument does not expressly indicate that Lender may charge a certain fee does not mean that Lender cannot charge that fee. Lender may not charge fees that are prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to Applicable Law which sets maximum loan charges, and that Applicable Law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed permitted limits: (a) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (even if a prepayment charge is provided for under the Note). If I accept such a refund that is paid directly to me, I will waive any right to bring a lawsuit against Lender because of the overcharge.

**15. Notices Required under this Security Instrument.** All notices given by me or Lender in connection with this Security Instrument will be in writing. Any notice to me in connection with this Security Instrument is considered given to me when mailed by first class mail or when actually delivered to my notice address if sent by other means. Notice to any one Borrower will be notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address is the address of the Property unless I give notice to Lender of a different address. I will promptly notify Lender of my change of address. If Lender specifies a procedure for reporting my change of address, then I will only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender will be given by delivering it or by mailing it by first class mail to Lender's address stated on the first page of this Security Instrument unless Lender has given me notice of another address. Any notice in connection with this Security Instrument is given to Lender when it is actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Law That Governs this Security Instrument; Word Usage.** This Security Instrument is governed by federal law and the law of New York State. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might allow the parties to agree by contract or it might be silent, but such silence does not mean that Lender and I cannot agree by contract. If any term of this Security Instrument or of the Note conflicts with Applicable Law, the conflict will not affect other provisions of this Security Instrument or the Note which can operate, or be given effect, without the conflicting provision. This means that the Security Instrument or the Note will remain as if the conflicting provision did not exist.

As used in this Security Instrument: (a) words of the masculine gender mean and include corresponding words of the feminine and neuter genders; (b) words in the singular mean and include the plural, and words in the plural mean and include the singular; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** I will be given one copy of the Note and of this Security Instrument.

**18. Agreements about Lender's Rights If the Property Is Sold or Transferred.** Lender may require Immediate Payment in Full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission.

NY

-6A(NY) (0005).06                          Page 12 of 17                  Initials: _____          Form 3033 1/01

If Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require Immediate Payment in Full. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender requires Immediate Payment in Full under this Section 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is given to me in the manner required by Section 15 of this Security Instrument. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

**19. Borrower's Right to Have Lender's Enforcement of this Security Instrument Discontinued.** Even if Lender has required Immediate Payment in Full, I may have the right to have enforcement of this Security Instrument stopped. I will have this right at any time before the earliest of: (a) five days before sale of the Property under any power of sale granted by this Security Instrument; (b) another period as Applicable Law might specify for the termination of my right to have enforcement of the Loan stopped; or (c) a judgment has been entered enforcing this Security Instrument. In order to have this right, I will meet the following conditions:

(a) I pay to Lender the full amount that then would be due under this Security Instrument and the Note as if Immediate Payment in Full had never been required;

(b) I correct my failure to keep any of my other promises or agreements made in this Security Instrument;

(c) I pay all of Lender's reasonable expenses in enforcing this Security Instrument including, for example, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and

(d) I do whatever Lender reasonably requires to assure that Lender's interest in the Property and rights under this Security Instrument and my obligations under the Note and under this Security Instrument continue unchanged.

Lender may require that I pay the sums and expenses mentioned in (a) through (d) in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer.

If I fulfill all of the conditions in this Section 19, then this Security Instrument will remain in full effect as if Immediate Payment in Full had never been required. However, I will not have the right to have Lender's enforcement of this Security Instrument discontinued if Lender has required Immediate Payment in Full under Section 18 of this Security Instrument.

**20. Note Holder's Right to Sell the Note or an Interest in the Note; Borrower's Right to Notice of Change of Loan Servicer; Lender's and Borrower's Right to Notice of Grievance.** The Note, or an interest in the Note, together with this Security Instrument, may be sold one or more times. I might not receive any prior notice of these sales.

The entity that collects the Periodic Payments and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law is called the "Loan Servicer." There may be a change of the Loan Servicer as a result of the sale of the Note. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. Applicable Law requires that I be given written notice of any change of the Loan Servicer. The notice will state the name and address of the new Loan Servicer, and also tell me the address to which I should make my payments. The notice also will contain any other information required by RESPA or Applicable Law. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to me will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither I nor Lender may commence, join, or be joined to any court action (as either an individual party or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other has not fulfilled any of its obligations under this Security Instrument, unless the other is notified (in the manner required under Section 15 of this Security Instrument) of the unfulfilled obligation and given a reasonable time period to take corrective action. If



Applicable Law provides a time period which will elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to me under Section 22 and the notice of the demand for payment in full given to me under Section 22 will be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20. All rights under this paragraph are subject to Applicable Law.

**21. Continuation of Borrower's Obligations to Maintain and Protect the Property.** The federal laws and the laws of New York State that relate to health, safety or environmental protection are called "Environmental Law." Environmental Law classifies certain substances as toxic or hazardous. There are other substances that are considered hazardous for purposes of this Section 21. These substances are gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. The substances defined as toxic or hazardous by Environmental Law and the substances considered hazardous for purposes of this Section 21 are called "Hazardous Substances." "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law. An "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

I will not do anything affecting the Property that violates Environmental Law, and I will not allow anyone else to do so. I will not cause or permit Hazardous Substances to be present on the Property. I will not use or store Hazardous Substances on the Property. I also will not dispose of Hazardous Substances on the Property, or release any Hazardous Substance on the Property, and I will not allow anyone else to do so. I also will not do, nor allow anyone else to do, anything affecting the Property that: (a) is in violation of any Environmental Law; (b) creates an Environmental Condition; or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The promises in this paragraph do not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized as appropriate for normal residential use and maintenance of the Property (including, but not limited to, Hazardous Substances in consumer products). I may use or store these small quantities on the Property. In addition, unless Environmental Law requires removal or other action, the buildings, the improvements and the fixtures on the Property are permitted to contain asbestos and asbestos-containing materials if the asbestos and asbestos-containing materials are undisturbed and "non-friable" (that is, not easily crumbled by hand pressure).

I will promptly give Lender written notice of: (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which I have actual knowledge; (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance; and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If I learn, or any governmental or regulatory authority, or any private party, notifies me that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, I will promptly take all necessary remedial actions in accordance with Environmental Law.

Nothing in this Security Instrument creates an obligation on Lender for an Environmental Cleanup.

**NON-UNIFORM COVENANTS**

I also promise and agree with Lender as follows:

**22. Lender's Rights If Borrower Fails to Keep Promises and Agreements. Except as provided in Section 18 of this Security Instrument, if all of the conditions stated in subsections (a), (b) and (c) of this Section 22 are met, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Security Instrument. Lender may do this without making any further demand for payment. This requirement is called "Immediate Payment in Full."**

If Lender requires Immediate Payment in Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and have the Property sold. At this sale Lender or another

NY

-6A(NY) (0005).06    Page 14 of 17    Form 3033 1/01

Person may acquire the Property. This is known as "Foreclosure and Sale." In any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount I owe Lender, which fees shall become part of the Sums Secured.

Lender may require Immediate Payment in Full under this Section 22 only if all of the following conditions are met:

(a) I fail to keep any promise or agreement made in this Security Instrument or the Note, including, but not limited to, the promises to pay the Sums Secured when due, or if another default occurs under this Security Instrument;

(b) Lender sends to me, in the manner described in Section 15 of this Security Instrument, a notice that states:

(1) The promise or agreement that I failed to keep or the default that has occurred;

(2) The action that I must take to correct that default;

(3) A date by which I must correct the default. That date will be at least 30 days from the date on which the notice is given;

(4) That if I do not correct the default by the date stated in the notice, Lender may require Immediate Payment in Full, and Lender or another Person may acquire the Property by means of Foreclosure and Sale;

(5) That if I meet the conditions stated in Section 19 of this Security Instrument, I will have the right to have Lender's enforcement of this Security Instrument stopped and to have the Note and this Security Instrument remain fully effective as if Immediate Payment in Full had never been required; and

(6) That I have the right in any lawsuit for Foreclosure and Sale to argue that I did keep my promises and agreements under the Note and under this Security Instrument, and to present any other defenses that I may have; and

(c) I do not correct the default stated in the notice from Lender by the date stated in that notice.

23. Lender's Obligation to Discharge this Security Instrument. When Lender has been paid all amounts due under the Note and under this Security Instrument, Lender will discharge this Security Instrument by delivering a certificate stating that this Security Instrument has been satisfied. I will pay all costs of recording the discharge in the proper official records. I agree to pay a fee for the discharge of this Security Instrument, if Lender so requires. Lender may require that I pay such a fee, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted by Applicable Law.

24. Agreements about New York Lien Law. I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that I will: (a) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a trust fund; and (b) use those amounts to pay for "Cost of Improvement" (as defined in Section 13 of the New York Lien Law) before I use them for any other purpose. The fact that I am holding those amounts as a trust fund means that for any building or other improvement located on the Property I have a special responsibility under the law to use the amount in the manner described in this Section 24.

25. Borrower's Statement Regarding the Property [check box as applicable].

☐ This Security Instrument covers real property improved, or to be improved, by a one or two family dwelling only.

☐ This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six residential dwelling units with each dwelling unit having its own separate cooking facilities.

☐ This Security Instrument does not cover real property improved as described above.

BY SIGNING BELOW, I accept and agree to the promises and agreements contained in pages 1 through 17 of this Security Instrument and in any Rider signed by me and recorded with it.

Witnesses:

_____          _____ (Seal)
                                          GEORGE     ARMSTRONG        -Borrower

                                          _____ (Seal)
                                                                    -Borrower

_____ (Seal)   _____ (Seal)
                         -Borrower                                  -Borrower

_____ (Seal)   _____ (Seal)
                         -Borrower                                  -Borrower

_____ (Seal)   _____ (Seal)
                         -Borrower                                  -Borrower

NY ████

⑩ -6A(NY) (0005).06                    Page 16 of 17                    Form 3033 1/01

**STATE OF NEW YORK,** *New York* County ss:

On the 30 day of *December* 2004 · before me, the undersigned, a notary public in and for said state, personally appeared

*George Armstrong*

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Jennifer Santo
Notary Public, State of New York
No. 01SA6066499
Qualified in Kings County
Commission Expires 9 / 9 / 2006

Tax Map Information:

.NY ▮▮▮▮▮

🎵-6A(NY) (0005).06          Page 17 of 17          Form 3033 1/01



*FSPS*



Office of the
Richmond County Clerk
130   Stuyvesant   Place
Staten Island, NY 10301

**Hon. Stephen J. Fiala, County Clerk**

## Recording and Endorsement Cover Page

| | |
|---|---|
| Document Id:   000000000380543   Document Date: 12/30/2010   Preparation Date:   01/13/2011 | |
| Document Type:   ASSIGNMENT OF MORTGAGE | |
| Document Page Count:   00003 | |

| PRESENTER: | RETURN TO: |
|---|---|
| WEBTITLE AGENCY | WEBTITLE AGENCY |
| 69 CASCADE DRIVE | 69 CASCADE DRIVE |
| SUITE 202 | SUITE 202 |
| ROCHESTER NY, 14614 | ROCHESTER NY, 14614 |

### PROPERTY DATA   # OF BLOCKS   1   # OF LOTS   1

Block   Lot                   Unit   Address
593   163   Entire Lot         124 BERTHA PLACE
Property Type:   Dwelling Only - 1 Family

### PARTIES

| ASSIGNOR INDEX | ASSIGNEE INDEX |
|---|---|
| MORTGAGE ELECTRONIC REGISTRARION SYSTEMS | WILMINGTON TRUST COMPANY |
| 4318 MILLER ROAD | 401 PLYMOUTH ROAD |
| FLINT MI, 48501 | PLYMOUTH MEETING PA, 19462 |
| "And Others" | |

### PAYMENT DETAIL

Make Checks Payable to:
=====================================================================================
Richmond County Clerk:                         36.00 Recording Fees
                                  ---------------------
Total Payments For This Document:              36.00   **FEES PAID**
=====================================================================================

EXAM *ROT*   DATE *1/19/11*

LAND DOC$ 367208
25-ASSIGN,AGREE,REL

01/19/2011   10:00:01 A.M.
RECEIPT: 2778   FEE: $36.00
RICHMOND COUNTY CLERK

RECORDED IN RICHMOND COUNTY

JAN 1 9 2011

COUNTY CLERK

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS that **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA)** with an address of 4318 MILLER ROAD, FLINT, MI 48501 (Assignor), does hereby ASSIGN AND TRANSFER to **WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MASTR ALTERNATIVE LOAN TRUST 2005-3**, with an address of 401 PLYMOUTH ROAD, PLYMOUTH MEETING, PA 19462 (Assignee), all right, title and interest in and to that certain Mortgage executed by GEORGE ARMSTRONG, mortgagor(s) to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA) dated December 30, 2004, and recorded in the Office of the Clerk of the County of RICHMOND, State of New York, on July 18, 2005, Land Doc No: 58204, given to secure the payment of a promissory note in the original amount of Five Hundred Ninety-Five Thousand and xx/100 Dollars ($595,000.00).

The real property secured by said Mortgage is located and known as **124 BERTHA PLACE, STATEN ISLAND, NY 10301, Block 593, Lot 163** and is more fully described in the Mortgage. Assignor does hereby assign and transfer to Assignee all rights accrued under said Mortgage and all indebtedness secured thereby.

THIS ASSIGNMENT is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

IN WITNESS WHEREOF, said

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA)**

has caused this instrument to be signed by its _____ VP _____ this 30 day of _____ Dec _____, 2010.

PETER O'BRYANT -VP    Officer

STATE OF Florida )
COUNTY OF Millsbearch ) ss.

On this the 30 day of Dec, 2010, before me the undersigned, a notary public in and for the state above, Peter O'Bryant, personally appeared and personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s), whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her/their capability(ies) and that by his/her/their signature(s) on the instrument the individual(s), or person upon behalf of which the individual(s) acted, executed, the instrument.

Signature _____

When recorded mail to:
Fein, Such, & Crane, LLP.
7 Century Drive.
Parsippany, NJ 07054
Our File #: FHSN117

Celeste A. Santiago
Notary Public
My Commission Expires: 12/16/13

CELESTE A. SANTIAGO
MY COMMISSION # DD 947008
EXPIRES: December 13, 2013
Bonded Thru Notary Public Underwriters

10-19876



**WEB TITLE**

69 Cascade Drive - Knowlton Building, Suite 101, Rochester, NY 14614 (888-250-9056 / F: 888-250-9057) www.webtitle.us

## SCHEDULE A
### DESCRIPTION OF MORTGAGED PREMISES

Title No. ████████████

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Staten Island, County of Richmond, City and State of New York, being bounded and described as follows:

BEGINNING at a point on the westerly side of Bertha Place where the same is intersection by the southerly end of a curve having a radius of 30 feet and a length of 47.12 feet, which curve connects the westerly side of Bertha Place and the southerly side of Grymes Hill Road and from said point of beginning running along the westerly side of Bertha Place along an arc of a curve having a radius of 315.35 feet, a distance of 98.90 feet;

RUNNING THENCE north 79 degrees, 37 minutes, 29 seconds west, 109.44 feet;

THENCE north 04 degrees, 58 minutes, 47 seconds east, 89.93 feet to a point on the southerly side of Grymes Hill Road;

THENCE north 78 degrees, 17 minutes, 13 seconds east, 60.94 feet to a point on the northerly end of the curve first above mentioned.

THENCE in a general southeasterly direction along the arc of said curve, a distance of 47.12 feet to the westerly side of Bertha Place, the point or place of BEGINNING.

Premises: 124 Bertha Place, Staten Island, NY 10301
Tax Map/Parcel ID No.: Block: 593 Lot: 163



Office of the
Richmond County Clerk
130 Stuyvesant Place
Staten Island, NY 10301

**Hon. Stephen J. Fiala, County Clerk**

## Recording and Endorsement Cover Page

Document Type:        ASSIGNMENT OF MORTGAGE
Document Page Count:        4

| PRESENTER: | RETURN TO: |
|---|---|
| WEBTITLE AGENCY | WEBTITLE AGENCY |
| 500-A CANAL VIEW BOULEVARD | 500-A CANAL VIEW BOULEVARD |
| ROCHESTER,NY 14623 | ROCHESTER,NY 14623 |

| PROPERTY DATA | # OF BLOCKS | 1 | # OF LOTS | 1 |
|---|---|---|---|---|

Block    Lot                     Unit
593      163   Entire Lot

### PARTIES

| ASSIGNOR INDEX | ASSIGNEE INDEX |
|---|---|
| WILMINGTON TRUST COMPANY | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS |
| 401 PLYMOUTH ROAD | 3300 S.W. 34 AVENUE |
|  | SUITE 101 |
| PLYMOUTH,PA 19462 | OCALA,FL 34474 |

### PAYMENT DETAIL

Make Checks Payable to:
====================================================================
Richmond County Clerk:                    38.00 Recording Fees
                                 --------------------
Total Payments For This Document:         38.00
====================================================================

**FEES PAID**

APR 2 3 2013

EXAM _____ DATE _____

LAND DOC# 475029
25-ASSIGN,AGREE,REL

04/24/2013   10:40:51 A.M.
RECEIPT: 23592   FEE: $38.00
RICHMOND COUNTY CLERK

RECORDED IN RICHMOND COUNTY

APR 2 4 2013

COUNTY CLERK

When recorded return to:

FEIN, SUCH, KAHN & SHEPARD, P.C.

COUNSELLORS AT LAW

7 CENTURY DRIVE

SUITE 201

PARSIPPANY, NEW JERSEY 07054

## CORPORATE ASSIGNMENT OF MORTGAGE

Richmond, New York

SELLER'S SERVICING ████████ ARMSTRONG*

MERS A████████ IS #: 1-888-679-6377

Date of Assignment: October 30th, 2012

Assignor: WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MASTR ALTERNATIVE LOAN TRUST 2005-3 at 401 PLYMOUTH ROAD, PLYMOUTH, PA 19462

Assignee: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA), ITS SUCCESSORS AND ASSIGNS at 3300 S.W. 34TH AVENUE, SUITE 101, OCALA, FL 34474

Executed By: GEORGE ARMSTRONG  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA), ITS SUCCESSORS AND ASSIGNS

Date of Mortgage:  12/30/2004 Recorded:  07/18/2005  in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 58204  In the County of Richmond, State of New York.

-Assigned Wholly by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA) TO WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,  FOR MASTR ALTERNATIVE LOAN TRUST 2005-3 Dated: 12/30/2010 Recorded:  01/19/2011  in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 387208

Section/Block/Lot -593-163

Property Address: 124 BERTHA PLACE, STATEN ISLAND, NY  10301

Legal: ***THIS IS A GAP ASSIGNMENT TO CORRECT THE CHAIN OF TITLE WITH AN EFFECTIVE DATE OF 11/17/2011***

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $596,000.00 with interest, secured thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.  IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:

WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MASTR ALTERNATIVE LOAN TRUST 2005-3

On  _Nov 2,12_

By:  _Marian Vadney_

VP and Asst. Secretary

Admin Serv. Div

VP and Asst. Sec,

Admin Serv. Div

_Record 2nd_

_FHSN117_

_10-19776_

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

On the ___2ND___ day of NOVEMBER in the year 2012 before me, the undersigned, personally appeared MARIA VARNEY , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individuals(s) made such appearance before the undersigned in the County of HILLSBOROUGH , State of FLORIDA .

WITNESS my hand and official seal,

_____
ERIC TURNER
Notary Expires: 1/28/2013
State of FLORIDA        County of HILLSBOROUGH

Notary Public State of Florida
Eric Turner
My Commission DD907594
Expires 07/28/2013

(This area for notarial seal)



69 Cascade Drive - Knowlton Building, Suite 101, Rochester, NY 14614 (888-250-9056 / F: 888-250-9057) www.webtitle.us

**SCHEDULE A**
**DESCRIPTION OF MORTGAGED PREMISES**

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Staten Island, County of Richmond, City and State of New York, being bounded and described as follows:

BEGINNING at a point on the westerly side of Bertha Place where the same is intersection by the southerly end of a curve having a radius of 30 feet and a length of 47.12 feet, which curve connects the westerly side of Bertha Place and the southerly side of Grymes Hill Road and from said point of beginning running along the westerly side of Bertha Place along an arc of a curve having a radius of 315.35 feet, a distance of 98.90 feet;

RUNNING THENCE north 79 degrees, 37 minutes, 29 seconds west, 109.44 feet;

THENCE north 04 degrees, 58 minutes, 47 seconds east, 89.93 feet to a point on the southerly side of Grymes Hill Road;

THENCE north 78 degrees, 17 minutes, 13 seconds east, 60.94 feet to a point on the northerly end of the curve first above mentioned.

THENCE in a general southeasterly direction along the arc of said curve, a distance of 47.12 feet to the westerly side of Bertha Place, the point or place of BEGINNING.

Premises: 124 Bertha Place, Staten Island, NY 10301
Tax Map/Parcel ID No.: Block: 593 Lot: 163



Office of the
Richmond County Clerk
130  Stuyvesant  Place
Staten Island, NY 10301

Hon. Stephen J. Fiala, County Clerk

## Recording and Endorsement Cover Page

Document Id:          000000000422202     Document Date: 11/15/2011     Preparation Date:   11/16/2011
Document Type:       ASSIGNMENT OF MORTGAGE
Document Page Count:   00002

| PRESENTER: | RETURN TO: |
|---|---|
| HSBC BANK USA, N.A. | HSBC BANK USA, N.A. |
| 2929 WALDEN AVE. | 2929 WALDEN AVE. |
| | |
| DEPEW,NY 14043 | DEPEW,NY 14043 |

### PROPERTY DATA     # OF BLOCKS     1     # OF LOTS     1

Block     Lot                Unit     Address
593     163   Entire Lot                124 BERTHA PLACE
Property Type:    Dwelling Only - 1 Family

### PARTIES

ASSIGNOR INDEX                               ASSIGNEE INDEX
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, I      HSBC BANK USA, N.A.
2929 WALDEN AVENUE                            2929 WALDEN AVENUE

DEPEW,NY 14043                                DEPEW,NY 14043

"And Others"

### PAYMENT DETAIL

Make Checks Payable to:

===============================================================
Richmond County Clerk:                    34.00 Recording Fees
                                  --------------------
Total Payments For This Document:         34.00         **FEES PAID**
===============================================================

EXAM _____   DATE  11·17·2011

RECORDED IN RICHMOND COUNTY

NOV 18 2011

COUNTY CLERK

LAND DOC# 403341
25-ASSIGN,AGREE,REL

11/18/2011    09:49:44 A.M.
RECEIPT: 52255   FEE: $34.00
RICHMOND COUNTY CLERK

Recording Requested By:
HSBC MORTGAGE CORPORATION (USA)

When Recorded Return To:

DISCHARGE DEPT 1-800-338-4626
HSBC BANK USA NA
2929 WALDEN AVENUE
DEPEW, NY 14043

## CORPORATE ASSIGNMENT OF MORTGAGE

Richmond, New York
SELLER'S SERVICING ▮▮▮▮ ARMSTRONG*

MERS # ▮▮▮▮▮▮▮ IS #: 1-888-679-6377

Date of Assignment: November 15th, 2011
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HSBC MORTGAGE
CORPORATION (USA) at 2929 WALDEN AVENUE, DEPEW, NY 14043
Assignee: HSBC BANK USA, N.A. at 2929 WALDEN AVENUE, DEPEW, NY 14043

Executed By: GEORGE ARMSTRONG To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR HSBC MORTGAGE CORPORATION (USA)
Date of Mortgage: 12/30/2004 Recorded: 07/18/2005 In Book/Reel/Liber: NA Page/Folio: NA as Instrument No.:
58204 In the County of Richmond, State of New York.

Section/Block/Lot NA-593-163

Property Address: 124 BERTHA PLACE, STATEN ISLAND, NY 10301

   This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an
assignment within the secondary mortgage market.

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Mortgage having an original principal sum of $595,000.00 with interest, secured thereby, with all moneys now owing
or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the
covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee,
the Assignor's beneficial interest under the Mortgage.

   TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the
terms contained in said Mortgage. IN WITNESS WHEREOF, the assignor has executed these presents the day and
year first above written:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HSBC MORTGAGE
CORPORATION (USA)
On November 15th, 2011

By:
MICHAEL PETER, Vice-President

STATE OF New York
COUNTY OF Erie

On the 15th day of November in the year 2011 before me, the undersigned, personally appeared MICHAEL PETER,
Vice-President, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s)
whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the
person upon behalf of which the individual(s) acted, executed the instrument.

WITNESS my hand and official seal.

DANIEL HERINGTON
Notary Expires: 09/22/2012 #01HE6193739
Erie, New York
Qualified in Erie County

(This area for notarial seal)

Office of the
Richmond County Clerk
130 Stuyvesant Place
Staten Island, NY 10301

**Hon. Stephen J. Fiala, County Clerk**

## Recording and Endorsement Cover Page

| | |
|---|---|
| Document Type: | ASSIGNMENT OF MORTGAGE |
| Document Page Count: | 4 |

| PRESENTER: | RETURN TO: |
|---|---|
| WEBTITLE AGENCY | WEBTITLE AGENCY |
| 500-A CANAL VIEW BOULEVARD | 500-A CANAL VIEW BOULEVARD |
| ROCHESTER,NY 14623 | ROCHESTER,NY 14623 |

### PROPERTY DATA   # OF BLOCKS   1   # OF LOTS   1

| Block | Lot | | Unit |
|---|---|---|---|
| 593 | 163 | Entire Lot | |

### PARTIES

| ASSIGNOR INDEX | ASSIGNEE INDEX |
|---|---|
| HSBC BANK | WILMINGTON TRUST COMPANY |
| 2929 WALDEN AVENUE | 1100 NORTH MARKET STREET |
| DEPEW,NY 14043 | WILMINGTON,DE 19890 |

### PAYMENT DETAIL

Make Checks Payable to:

==================================================================
Richmond County Clerk:                    38.00 Recording Fees
--------------------
Total Payments For This Document:         38.00
==================================================================

**FEES PAID**

EXAM _____ DATE **APR 2 3 2013**

RECORDED IN RICHMOND COUNTY

APR 2 4 2013

COUNTY CLERK

LAND DOC# 475028
25-ASSIGN,AGREE,REL

04/24/2013    10:40:51 A.M.
RECEIPT: 23592   FEE: $38.00
RICHMOND COUNTY CLERK

When recorded return to:
FEIN, SUCH, KAHN & SHEPARD, P.C.
COUNSELLORS AT LAW
7 CENTURY DRIVE
SUITE 201
PARSIPPANY, NEW JERSEY 07054

_____

### CORPORATE ASSIGNMENT OF MORTGAGE

Richmond, New York
SELLER'S SERVICING ▓▓▓▓▓▓ ARMSTRONG"

Date of Assignment: October 30th, 2012
Assignor: HSBC BANK USA, N.A. at 2929 WALDEN AVENUE, DEPEW, NY 14043
Assignee: WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MASTR ALTERNATIVE LOAN TRUST 2005-3 at RODNEY SQUARE NORTH, 1100 NORTH MARKET STREET, WILMINGTON, DE 19890

Executed By: GEORGE ARMSTRONG To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA), ITS SUCCESSORS AND ASSIGNS
Date of Mortgage: 12/30/2004 Recorded: 07/18/2005 in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 58204 in the County of Richmond, State of New York.

-Assigned Wholly by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA) TO WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MASTR ALTERNATIVE LOAN TRUST 2005-3 Dated: 12/30/2010 Recorded: 01/19/2011 in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 367208
-Assigned Wholly by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA) TO HSBC BANK USA, N.A. Dated: 11/15/2011 Recorded: 11/18/2011 in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 403341
-Assigned Wholly by WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MASTR ALTERNATIVE LOAN TRUST 2005-3 TO MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA), ITS SUCCESSORS AND ASSIGNS Dated: 10/30/2012 Document to be recorded concurrently herewith

Section/Block/Lot -593-163
Property Address: 124 BERTHA PLACE, STATEN ISLAND, NY 10301
    This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

    KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $595,000.00 with interest, secured thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

    TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained in said Mortgage. IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:

HSBC BANK USA, N.A.
On October 30th, 2012

By: _____
MICHAEL PETER, VP & ASST SECY,
ADMIN SERVICES DIVISION 19138

*Record'st*

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

STATE OF New York
COUNTY OF Erie

On the 30th day of October in the year 2012 before me, the undersigned, personally appeared MICHAEL PETER, VP & ASST SECY, ADMIN SERVICES DIVISION 19138, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signatu(e)(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

WITNESS my hand and official seal,

YOLANDA COLLIER
Notary Expires: 10/14/2016  #01CO6194802
Erie, New York
Qualified in Erie County

(This area for notarial seal)



WEB TITLE

69 Cascade Drive - Knowlton Building, Suite 101, Rochester, NY 14614 (888-250-9056 / F: 888-250-9057) www.webtitle.us

## SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

**ALL that certain plot, piece or parcel of land,** situate, lying and being in the Borough of Staten Island, County of Richmond, City and State of New York, being bounded and described as follows:

**BEGINNING** at a point on the westerly side of Bertha Place where the same is intersection by the southerly end of a curve having a radius of 30 feet and a length of 47.12 feet, which curve connects the westerly side of Bertha Place and the southerly side of Grymes Hill Road and from said point of beginning running along the westerly side of Bertha Place along an arc of a curve having a radius of 315.35 feet, a distance of 98.90 feet;

**RUNNING THENCE** north 79 degrees, 37 minutes, 29 seconds west, 109.44 feet;

**THENCE** north 04 degrees, 58 minutes, 47 seconds east, 89.93 feet to a point on the southerly side of Grymes Hill Road;

**THENCE** north 78 degrees, 17 minutes, 13 seconds east, 60.94 feet to a point on the northerly end of the curve first above mentioned.

**THENCE** in a general southeasterly direction along the arc of said curve, a distance of 47.12 feet to the westerly side of Bertha Place, the point or place of **BEGINNING.**

Premises:  124 Bertha Place, Staten Island, NY  10301
Tax Map/Parcel ID No.:  Block: 593 Lot: 163

Case 1-19-44826-nhl Doc 14 Filed 09/19/19 Entered 09/19/19 12:03:36



Office of the
Richmond County Clerk
130 Stuyvesant Place
Staten Island, NY 10301

**Hon. Stephen J. Fiala, County Clerk**

## Recording and Endorsement Cover Page

Document Type: ASSIGNMENT OF MORTGAGE
Document Page Count: 4

| PRESENTER: | RETURN TO: |
|---|---|
| JENNY LOPEZ FEIN, SUCH, KAHN & SHEPARD | JENNY LOPEZ FEIN, SUCH, KAHN & SHEPARD |
| 7 CENTURY DRIVE | 7 CENTURY DRIVE |
| SUITE 201 | SUITE 201 |
| PARSIPPANY,NJ 07054 | PARSIPPANY,NJ 07054 |

### PROPERTY DATA     # OF BLOCKS     1     # OF LOTS     1

Block   Lot                 Unit
593     163   Entire Lot

### PARTIES

| ASSIGNOR INDEX | ASSIGNEE INDEX |
|---|---|
| WILMINGTON TRUST COMPANY NOT IN ITS | HSBC BANK USA N.A. |
| 8950 CYPRESS WATERS BLVD | 2929 WALDEN AVE |
| | |
| COPPELL,TX 75019 | DEPEW,NY 14043 |

### PAYMENT DETAIL

Make Checks Payable to:
============================================================
Richmond County Clerk:              38.00 Recording Fees
                           ---------------------
Total Payments For This Document:   38.00
============================================================

**FEES PAID**

EXAM _H_ DATE _10/6/17_

**LAND DOC# 671085**
25-ASSIGN,AGREE,REL

10/10/2017    11:15:09 A.M.
RECEIPT: 43724   FEE: $38.00
RICHMOND COUNTY CLERK

RECORDED IN RICHMOND COUNTY
OCT 10 2017
COUNTY CLERK

When recorded return to:
FEIN, SUCH, KAHN & SHEPARD, P.C.
COUNSELLORS AT LAW
7 CENTURY DRIVE
SUITE 201
PARSIPPANY, NEW JERSEY 07054

**Gap**
CORPORATE ASSIGNMENT OF MORTGAGE

Richmond, New York
SELLER'S SERVICING ███████ARMSTRONG"

Date of Assignment: July 28th, 2017
Assignor: Wilmington Trust Company not in its individual capacity but solely as Successor Trustee to U.S. Bank National Association, as Trustee for MASTR Alternative Loan trust 2005-3, by, Nationstar Mortgage LLC, it's Attorney-in-Fact at  8950 CYPRESS WATERS BLVD, COPPELL, TX  75019
Assignee: HSBC BANK USA, N.A. at 2929 WALDEN AVE, DEPEW, NY  14043
Executed By: GEORGE ARMSTRONG  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA)
Date of Mortgage: 12/30/2004 Recorded: 07/18/2005  as Instrument No.: 58204  in the County of Richmond, State of New York.

-Assigned Wholly by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA) TO WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACTIY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MASTR ALTERNATIVE LOAN TRUST 2005-3 TO Dated: 12/30/2010 Recorded: 01/19/2011 as Instrument No.: 367208
-Assigned Wholly by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA) TO HSBC BANK USA, N.A. Dated: 11/15/2011 Recorded: 11/18/2011 as Instrument No.: 403341
-Assigned Wholly by WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MASTR ALTERNATIVE LOAN TRUST 2005-3 TO MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA) Dated: 10/30/2012 Recorded: 04/24/2013 as Instrument No.: 475029
-Assigned Wholly by HSBC BANK USA, N.A. TO WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MASTR ALTERNATIVE LOAN TRUST 2005-3 Dated: 10/30/2012 Recorded: 04/24/2013 as Instrument No.: 475028
-Assigned Wholly by HSBC BANK USA, N.A. TO NATIONSTAR MORTGAGE LLC Dated: 04/17/2017 Recorded: 05/09/2017  as Instrument No.: 651900

Section/Block/Lot N/A-593-163

Property Address: 124 BERTHA PLACE, STATEN ISLAND, NY  10301
Legal:  N/A

**GAP: THIS ASSIGNMENT IS BEING RECORDED TO FIX THE BREAK IN CHAIN OF TITLE BETWEEN ASSIGNMENT RECORDED 04/24/2013, INSTRUMENT NO. 475028 AND ASSIGNMENT RECORDED 05/09/2017, INSTRUMENT NO. 651900**

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $595,000.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.  IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:

Wilmington Trust Company not in its individual capacity but solely as Successor Trustee to U.S. Bank National Association, as Trustee for MASTR Alternative Loan trust 2005-3, by, Nationstar Mortgage LLC, it's Attorney-in-Fact
On July 28th, 2017

By: _____
OMAR BASPED, Assistant Secretary

USB10565

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

STATE OF Texas
COUNTY OF Dallas

On the 28th day of July in the year 2017 before me, the undersigned, personally appeared OMAR BASPED, Assistant Secretary, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within Instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the Instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the Instrument, and that such individuals(s) made such appearance before the undersigned in the County of Dallas, State of Texas.

WITNESS my hand and official seal,

COLLEEN BARNETT
Notary Expires: 11/30/2019 #130453613
Dallas, Texas

COLLEEN BARNETT
Notary Public State of Texas
Comm Expires 11-30-2019,
Notary ID 130453613

(This area for notarial seal)



69 Cascade Drive - Knowlton Building, Suite 101, Rochester, NY 14614 (888-250-9056 / F: 888-250-9057) www.webtitle.us

## SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

Title No.: WTA ██████████

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Staten Island, County of Richmond, City and State of New York, being bounded and described as follows:

BEGINNING at a point on the westerly side of Bertha Place where the same is intersection by the southerly end of a curve having a radius of 30 feet and a length of 47.12 feet, which curve connects the westerly side of Bertha Place and the southerly side of Grymes Hill Road and from said point of beginning running along the westerly side of Bertha Place along an arc of a curve having a radius of 315.35 feet, a distance of 98.90 feet;

RUNNING THENCE north 79 degrees, 37 minutes, 29 seconds west, 109.44 feet;

THENCE north 04 degrees, 58 minutes, 47 seconds east, 89.93 feet to a point on the southerly side of Grymes Hill Road;

THENCE north 78 degrees, 17 minutes, 13 seconds east, 60.94 feet to a point on the northerly end of the curve first above mentioned.

THENCE in a general southeasterly direction along the arc of said curve, a distance of 47.12 feet to the westerly side of Bertha Place, the point or place of BEGINNING.

Premises: 124 Bertha Place, Staten Island, NY 10301
Tax Map/Parcel ID No.: Block: 593 Lot: 163

(Page 1 of 2)



Office of the
Richmond County Clerk
130  Stuyvesant  Place
Staten Island, NY 10301

Hon. Stephen J. Fiala, County Clerk



| Recording and Endorsement Cover Page | |
|---|---|
| Document Type:  ASSIGNMENT OF MORTGAGE | |
| Document Page Count:      2 | |

| PRESENTER: | RETURN TO: |
|---|---|
| MISSION CAPITAL ADVISORS LLC | MISSION CAPITAL ADVISORS LLC |
| 1120 S. CAPITAL OF TEXAS HWY | 1120 S. CAPITAL OF TEXAS HWY |
| BLDG 3 STE 150 | BLDG 3 STE 150 |
| AUSTIN,TX 78746 | AUSTIN,TX 78746 |

| PROPERTY DATA     # OF BLOCKS     1     # OF LOTS     1 | |
|---|---|
| Block    Lot                                 Unit | |
| 593     163   Entire Lot | |

| PARTIES | |
|---|---|
| ASSIGNOR INDEX | ASSIGNEE INDEX |
| HSBC BANK USA, N.A. | NATIONSTAR MORTGAGE LLC |
| 2929 WALDEN AVENUE | 8950 CYPRESS WATERS BLVD. |
| DEPEW,NY 10301 | COPPELL,NY 75019 |
| "And Others" | |

PAYMENT DETAIL

Make Checks Payable to:
====================================================================
Richmond County Clerk:                        34.00 Recording Fees
                            -------------------
Total Payments For This Document:              34.00          **FEES PAID**
====================================================================

EXAM _JC_  DATE _5|8|17_

LAND DOC# 651900
25-ASSIGN,AGREE,REL

05/09/2017    10:58:25 A.M.
RECEIPT: 20091    FEE: $34.00
RICHMOND COUNTY CLERK

RECORDED IN RICHMOND COUNTY

MAY - 9 2017


COUNTY CLERK

(Page 2 of 2)

Recording Requested By:
Mission Global LLC

When Recorded Return To:

Recording Dept.
Mission Global LLC
1120 S. Capital of Texas Hwy
Bldg 3 Suite 150
Austin, TX 78746

## CORPORATE ASSIGNMENT OF MORTGAGE

Richmond, New York
SELLER'S SERVICING ██████ "ARMSTRONG" Investor's L██████

Date of Assignment: April 17th, 2017
Assignor: HSBC Bank USA, N.A. at 2929 Walden Avenue, Depew, NY 14043
Assignee: Nationstar Mortgage LLC at 8950 CYPRESS WATERS BLVD, Coppell, TX 75019
Executed By: GEORGE ARMSTRONG To: Mortgage Electronic Registration Systems, Inc. as nominee for HSBC
Mortgage Corporation (USA)
Dated: 12-30-2004 Recorded: 07-18-2005 as Instrument No. 58264, Book/Reel/Liber *, Page/Folio * In the County of
Richmond, State of New York.

-Assigned Wholly by Mortgage Electronic Registration Systems, Inc. as nominee for HSBC Mortgage Corporation
(USA) to HSBC Bank USA, N.A. Dated: 11-15-2011 Recorded: 11-18-2011 as Instrument No. 403341,
Book/Reel/Liber *, Page/Folio *

Section/Block/Lot: */593/163
Property Address: 124 Bertha Place, Staten Island, NY 10301

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an
assignment within the secondary mortgage market.

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Mortgage having an original principal sum of $595,000.00 with interest, secured thereby, and the full benefit of all the
powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys
unto the said Assignee, the Assignor's interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the
terms contained in said Mortgage. IN WITNESS WHEREOF, the assignor has executed these presents the day and
year first above written:

HSBC Bank USA, N.A.
On April 17th, 2017

By:
Debbie Johnston, Vice President and Assistant Secretary

STATE OF Texas
COUNTY OF TRAVIS

On the 17th day of April in the year 2017 before me, the undersigned, personally appeared Debbie Johnston, Vice
President and Assistant Secretary, personally known to me or proved to me on the basis of satisfactory evidence to
be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument,
the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such
individuals(s) made such appearance before the undersigned in the County of Travis, State of Texas.

WITNESS my hand and official seal.

Allison Paige Smith
Notary Expires: 3/30/2021  #129365890
TRAVIS, Texas

ALLISON PAIGE SMITH
Notary Public, State of Texas
Comm. Expires 03-30-2021
Notary ID 129365890
(This area for notarial seal)

*4/17/2017 5:33:42 PM* ██████ *NYSTATE_MORT_ASSIGN_ASSN

COUNTY CLERK

State of New York, County of Richmond, ss:
I, Stephen J. Fiala, County Clerk and Clerk of the
Supreme Court, Richmond County and Recording Officer
for Richmond County do hereby certify that I have
compared this copy with the original filed or recorded in
my office on    Nov    9    2017
in accordance
the original. Witness my hand and seal of said County and
Court on

JUN - 2 2017

000491

Recording Requested By:
NATIONSTAR MORTGAGE DBA MR. COOPER

When Recorded Return To:

DOCUMENT ADMINISTRATION
NATIONSTAR MORTGAGE DBA MR. COOPER
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019

## CORPORATE ASSIGNMENT OF MORTGAGE

Richmond, New York
SELLER'S SERVICING #:*****7780 "ARMSTRONG"

Date of Assignment: August 29th, 2019
Assignor: NATIONSTAR MORTGAGE LLC at 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019
Assignee: U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE
FOR MASTR ALTERNATIVE LOAN TRUST 2005-3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES
2005-3 at 425 WALNUT STREET, CINCINNATI, OH 45202
Executed By: GEORGE ARMSTRONG To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR HSBC MORTGAGE CORPORATION (USA)
Date of Mortgage: 12/30/2004 Recorded: 07/18/2005 as Instrument No.: 58204 In the County of Richmond, State
of New York.

-Assigned Wholly by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS
NOMINEE FOR HSBC MORTGAGE CORPORATION (USA) TO WILMINGTON TRUST COMPANY NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE, FOR MASTR ALTERNATIVE LOAN TRUST 2005-3 Dated: 12/30/2010 Recorded: 01/19/2011 as
Instrument No.: 367208
-Assigned Wholly by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC
MORTGAGE CORPORATION (USA) TO HSBC BANK USA, N.A. Dated: 11/15/2011 Recorded: 11/18/2011 as
Instrument No.: 403341
-Assigned Wholly by WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACTIY BUT SOLELY AS
SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MASTR ALTERNATIVE
LOAN TRUST 2005-3 TO MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC
MORTGAGE CORPORATION (USA) Dated: 10/30/2012 Recorded: 04/24/2013 as Instrument No.: 475029
-Assigned Wholly by HSBC BANK USA, N.A. TO WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL
CAPACTIY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,
FOR MASTR ALTERNATIVE LOAN TRUST 2005-3 Dated: 10/30/2012 Recorded: 04/24/2013 as Instrument No.:
475028
-Assigned Wholly by HSBC BANK USA, N.A. TO NATIONSTAR MORTGAGE LLC Dated: 04/17/2017 Recorded:
05/09/2017 as Instrument No.: 651900
-Assigned Wholly by WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS
SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MASTR ALTERNATIVE
LOAN TRUST 2005-3 TO HSBC BANK USA N.A. Dated: 07/28/2017 Recorded: 10/10/2017 as Instrument No.:
671085

Section/Block/Lot NA/593/163

Property Address: 124 BERTHA PLACE, STATEN ISLAND, NY 10301
This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an
assignment within the secondary mortgage market.

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Mortgage having an original principal sum of $595,000.00 with interest, secured thereby, and the full benefit of all the
powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys
unto the said Assignee, the Assignor's interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the
terms contained in said Mortgage. IN WITNESS WHEREOF, the assignor has executed these presents the day and
year first above written:

NATIONSTAR MORTGAGE LLC
On August 29th, 2019

By: _____
TSEDALE ALEMU, Vice-President

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2
STATE OF Texas
COUNTY OF Dallas

On the 29th day of August in the year 2019 before me, the undersigned, personally appeared TSEDALE ALEMU, Vice-President, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual(s) made such appearance before the undersigned in the County of Dallas, State of Texas.

WITNESS my hand and official seal,

MOHAMED S. HAMEED
Notary Expires: 03/14/2020 #11340097
Dallas, Texas

MOHAMED S. HAMEED
Notary Public, State of Texas
Comm. Expires 03-14-2020
Notary ID 11340097

(This area for notarial seal)

# Exhibit "B"

FILED: RICHMOND COUNTY CLERK 04/24/2015 10:07 AM

NYSCEF DOC. NO. 3

INDEX NO. 135404/2015

RECEIVED NYSCEF: 04/24/2015

STATE OF NEW YORK
SUPREME COURT    COUNTY OF RICHMOND

---

WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S.
BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MASTR
ALTERNATIVE LOAN TRUST 2005-3

**CERTIFICATE OF MERIT
PURSUANT TO N.Y.
C.P.L.R.§ 3012-b**

Plaintiff,

-vs-

GEORGE ARMSTRONG A/K/A GEORGE A. ARMSTRONG;
CITY OF NEW YORK NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD; UNITED STATES OF AMERICA O/B/O
INTERNAL REVENUE SERVICE; PC RICHARD & SON LONG
ISLAND CORPORATION; NYC DEPARTMENT OF
FINANCE-PARKING VIOLATIONS BUREAU; NY
COMMERCIAL FINANCE CORP; KAMCO SUPPLY CORP;
NEW YORK STATE DEPARTMENT OF TAXATION AND
FINANCE;"JOHN DOE #1-5" and "JANE DOE #1-5" said names
being fictitious, it being the intention of Plaintiff to designate any and
all occupants, tenants, persons or corporations, if any, having or
claiming an interest in or lien upon the premises being foreclosed
herein,

Defendants.

---

I, the undersigned, being an attorney for the plaintiff, hereby certify that I have reviewed the facts in

the above captioned action and that, based on consultation with THERESIA ANG, a representative of the

Plaintiff, and my review of pertinent documents, including the mortgage, security instrument, and Note or bond

underlying the mortgage executed by the defendant and all instruments of assignment, if any, and any other

instrument of indebtedness including any modification, extension, and consolidation, which are annexed to the

Complaint together with this Certificate. To the best of my knowledge, information, and belief there is a

reasonable basis for commencement of this foreclosure action and the plaintiff is currently the creditor entitled

to enforce rights under the aforementioned documents.

It is hereby certified __April 23__ , 2015

MEHMET BASOGLU, ESQ
FEIN, SUCH & CRANE, LLP
Attorneys for Plaintiff
1400 OLD COUNTRY ROAD STE C103
WESTBURY, NY  11590
Telephone No. 516/394-6921
FHSN117

INDEX NO. 135404/2015
NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 04/24/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

WILMINGTON TRUST COMPANY NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS
SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE, FOR MASTR
ALTERNATIVE LOAN TRUST 2005-3,

**NOTICE OF PENDENCY
OF ACTION**
Index No.

Plaintiff,

-vs-

GEORGE ARMSTRONG A/K/A GEORGE A.
ARMSTRONG; CITY OF NEW YORK NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; UNITED
STATES OF AMERICA O/B/O INTERNAL REVENUE
SERVICE; PC RICHARD & SON LONG ISLAND
CORPORATION; NYC DEPARTMENT OF
FINANCE-PARKING VIOLATIONS BUREAU; NY
COMMERCIAL FINANCE CORP; KAMCO SUPPLY
CORP; NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE;"JOHN DOE # 1-5" and
"JANE DOE #1-5"said names being fictitious, it being the
intention of Plaintiff to designate any and all occupants,
tenants, persons or corporations, if any, having or claiming
an interest in or lien upon the premises being foreclosed
herein,

Defendants.

NOTICE IS HEREBY GIVEN, that an action was commenced upon the Complaint of the

above plaintiff against the above named defendant(s) and is now pending in the Supreme Court

of the State of New York, RICHMOND County, for the foreclosure of a Purchase Money

Mortgage executed by GEORGE ARMSTRONG A/K/A GEORGE A. ARMSTRONG to

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC

MORTGAGE CORPORATION (USA)  to secure the sum of $595,000.00, which was recorded

in the RICHMOND County Clerk's Office on July 18, 2005, in Land Doc # 58204. Said

Mortgage was assigned by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA) to WILMINGTON TRUST

COMPANY NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR

TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MASTR

ALTERNATIVE LOAN TRUST 2005-3 by Assignment dated December 30, 2010 and recorded

on January 19, 2011 in the Office of the County Clerk in Land Doc # 367208. Said Mortgage was

further assigned by WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL

CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL

ASSOCIATION, AS TRUSTEE, FOR MASTR ALTERNATIVE LOAN TRUST 2005-3  to

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC

MORTGAGE CORPORATION (USA) by Gap Assignment dated October 30, 2012 and

recorded on April 24, 2013 in the Office of the County Clerk in Liber Land Doc # 475029. Said

Mortgage was further assigned by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,

INC., AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA) to HSBC BANK

USA, N.A.  by Assignment dated November 15, 2011 and recorded November 18, 2011 in Land

Doc # 403341. Said Mortgage was further assigned by HSBC BANK USA, N.A.  to

WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY

AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,

FOR MASTR ALTERNATIVE LOAN TRUST 2005-3 by Assignment dated October 30, 2012

and recorded on April 24, 2013 in the Office of the County Clerk/Register in  Land Doc #

475028.

NOTICE IS FURTHER GIVEN, that the mortgaged premises described in the

mortgage(s) affected by the foreclosure action were, at the time of the commencement of this

action and at the time of the filing of this Notice, situated in the County of RICHMOND, State of

New York, and are described in "Schedule A - Legal Description" attached hereto and made a

part hereof.

The Clerk of the County of RICHMOND, is directed to index this Notice against the names of the defendant(s).

Dated: December 29 , 2014

MEHMET BASOGLU, ESQ
FEIN, SUCH & CRANE, LLP
Attorneys for Plaintiff
1400 OLD COUNTRY ROAD STE C103
WESTBURY, NY 11590
Telephone: 516/394-6921
FHSN117

Property Address: 124 BERTHA PLACE, STATEN ISLAND, NY 10301

BLOCK: 593
LOT: 163

**WEB** *FINISH* **TITLE**
*FIRST*

500-A Canal View Boulevard, Rochester, NY 14623 P: (888-250-9056 / F: 888-250-9057) www.webtitle.us

## SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

**ALL that certain plot, piece or parcel of land**, situate, lying and being in the Borough of Staten Island, County of Richmond, City and State of New York, being bounded and described as follows:

**BEGINNING** at a point on the westerly side of Bertha Place where the same is intersection by the southerly end of a curve having a radius of 30 feet and a length of 47.12 feet, which curve connects the westerly side of Bertha Place and the southerly side of Grymes Hill Road and from said point of beginning running along the westerly side of Bertha Place along an arc of a curve having a radius of 315.35 feet, a distance of 98.90 feet;

**RUNNING THENCE** north 79 degrees, 37 minutes, 29 seconds west, 109.44 feet;

**THENCE** north 04 degrees, 58 minutes, 47 seconds east, 89.93 feet to a point on the southerly side of Grymes Hill Road;

**THENCE** north 78 degrees, 17 minutes, 13 seconds east, 60.94 feet to a point on the northerly end of the curve first above mentioned.

**THENCE** in a general southeasterly direction along the arc of said curve, a distance of 47.12 feet to the westerly side of Bertha Place, the point or place of **BEGINNING**.

Premises:  124 Bertha Place, Staten Island, NY 10301
Tax Map/Parcel ID No.:   Block: 593   Lot: 163

**ALL-STATE LEGAL**
07101-BF·07102-BL·07103-GY·07104-WH
800.222.0510   www.aslegal.com

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR
TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MASTR ALTERNATIVE LOAN
TRUST 2005-3
                              Plaintiff,

-vs-

GEORGE ARMSTRONG, et. al.
                              Defendants.

NOTICE OF PENDENCY

**FEIN, SUCH & CRANE, LLP**
Attorneys for Plaintiff
1400 OLD COUNTRY ROAD STE C103
WESTBURY, NY 11590
516/394-6921

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that upon information and
belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: December 29 , 2014

Service of a copy of the within                                        is hereby admitted.
Dated:

..............................................................
                                                              Attorneys(s) for

PLEASE TAKE NOTICE

☐ that the within a (certified) true copy of a
   entered in the office of the clerk of the within named Court on                        20

☐ that an Order of which the within is a true copy will be presented for settlement to the
   Hon.                                          one of the judges of the within named Court,
   at
   on                        20     , at                        M.
Dated:

                              **FEIN, SUCH & CRANE, LLP**
                              Attorneys for Plaintiff
                              1400 OLD COUNTRY ROAD STE C103
                              WESTBURY, NY 11590
                              516/394-6921

FILED: RICHMOND COUNTY CLERK 04/24/2015 10:07 AM

NYSCEF DOC. NO. 1

INDEX NO. 135404/2015

RECEIVED NYSCEF: 04/24/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
_____

WILMINGTON TRUST COMPANY NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS
SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE, FOR MASTR
ALTERNATIVE LOAN TRUST 2005-3,

                            **Plaintiff,**

        -vs-

GEORGE ARMSTRONG A/K/A GEORGE A.
ARMSTRONG; CITY OF NEW YORK NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; UNITED
STATES OF AMERICA O/B/O INTERNAL REVENUE
SERVICE; PC RICHARD & SON LONG ISLAND
CORPORATION; NYC DEPARTMENT OF
FINANCE-PARKING VIOLATIONS BUREAU; NY
COMMERCIAL FINANCE CORP; KAMCO SUPPLY
CORP; NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE; "JOHN DOE #1-5" and
"JANE DOE #1-5" said names being fictitious, it being the
intention of Plaintiff to designate any and all occupants,
tenants, persons or corporations, if any, having or claiming
an interest in or lien upon the premises being foreclosed
herein,

                          **Defendants.**
_____

**SUMMONS**

Index No.

Mortgaged Premises:      124 BERTHA PLACE
                               STATEN ISLAND, NY 10301

TO THE ABOVE NAMED DEFENDANT(S):

     YOU ARE HEREBY SUMMONED to answer the Complaint in the above entitled action
and to serve a copy of your Answer on the plaintiff's attorney within twenty (20) days of the
service of this Summons, exclusive of the day of service, or within thirty (30) days after service
of the same is complete where service is made in any manner other than by personal delivery
within the State.  The United States of America, if designated as a defendant in this action, may
answer or appear within sixty (60) days of service.  Your failure to appear or to answer will result
in a judgment against you by default for the relief demanded in the Complaint.  In the event that a
deficiency balance remains from the sale proceeds, a judgment may be entered against you,
unless the Defendant obtained a bankruptcy discharge and such other or further relief as may be
just and equitable.

# Help for Homeowners in Foreclosure

New York State Law requires that we send you this notice about the foreclosure process. Please read it carefully.

## Summons and Complaint

You are in danger of losing your home. If you fail to respond to the summons and complaint in this foreclosure action, you may lose your home. Please read the summons and complaint carefully. You should immediately contact an attorney or your local legal aid office to obtain advice on how to protect yourself.

## Sources of Information and Assistance

The State encourages you to become informed about your options in foreclosure. In addition to seeking assistance from an attorney or legal aid office, there are government agencies and non-profit organizations that you may contact for information about possible options, including trying to work with your lender during this process.

To locate an entity near you, you may call the toll free helpline maintained by the New York State Department of Financial Services at 1-800-342-3736 or visit the Department's website at www.dfs.ny.gov.

## Foreclosure Rescue Scams

Be careful of people who approach you with offers to "save" your home. These are individuals who watch for notices of foreclosure actions in order to unfairly profit from a homeowner's distress. You should be extremely careful about any such promises and any suggestions that you pay them a fee or sign over your deed. State law requires anyone offering such services for profit to enter into a contract which fully describes the services they will perform and fees they will charge, and which prohibits them from taking any money from you until they have completed all such promised services.

§ 1303 Notice                                                    52714

## NOTICE
## YOU ARE IN DANGER OF LOSING YOUR HOME

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing an answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

**Sending a payment to your mortgage company will not stop this foreclosure action.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

RICHMOND County is designated as the place of trial. The basis of venue is the location of the mortgaged premises.

Dated: December 29 , 2014

MEHMET BASOGLU, ESQ
FEIN, SUCH & CRANE, LLP
Attorneys for Plaintiff
1400 OLD COUNTRY ROAD STE C103
WESTBURY, NY 11590
Telephone No. 516/394-6921
FHSN117

## NATURE AND OBJECT OF ACTION

The object of the above action is to foreclose a Purchase Money Mortgage held by the Plaintiff and recorded in the County of RICHMOND, State of New York as more particularly described in the Complaint herein.

TO THE DEFENDANT(S), except GEORGE ARMSTRONG A/K/A GEORGE A. ARMSTRONG; the plaintiff makes no personal claim against you in this action.

TO THE DEFENDANT(S), except GEORGE ARMSTRONG A/K/A GEORGE A. ARMSTRONG;:

IF, AND ONLY IF, you have received or will receive a Bankruptcy Discharge Order which includes this debt, the plaintiff is solely attempting to enforce its mortgage lien rights in the subject real property and makes no personal claim against you. In that event, nothing contained in these or any papers served or filed or to be served or filed in this action will be an attempt to collect from you or to find you personally liable for the discharged debt.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
_____

WILMINGTON TRUST COMPANY NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS
SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE, FOR MASTR
ALTERNATIVE LOAN TRUST 2005-3,

**COMPLAINT**
Index No.

Plaintiff,

-vs-

GEORGE ARMSTRONG A/K/A GEORGE A.
ARMSTRONG; CITY OF NEW YORK NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; UNITED
STATES OF AMERICA O/B/O INTERNAL REVENUE
SERVICE; PC RICHARD & SON LONG ISLAND
CORPORATION; NYC DEPARTMENT OF
FINANCE-PARKING VIOLATIONS BUREAU; NY
COMMERCIAL FINANCE CORP; KAMCO SUPPLY
CORP; NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE; "JOHN DOE #1-5" and
"JANE DOE #1-5" said names being fictitious, it being the
intention of Plaintiff to designate any and all occupants,
tenants, persons or corporations, if any, having or claiming
an interest in or lien upon the premises being foreclosed
herein,

_____
                    Defendants.
_____

The plaintiff herein, by FEIN, SUCH & CRANE, LLP, its attorneys, complains of the

defendants above named, and for its cause of action, alleges:

**First**: The plaintiff is a banking corporation duly licensed, organized and existing

pursuant to the laws of the United States of America.

**Second:** Upon information and belief, at all times hereinafter mentioned, the

defendant(s) reside or conduct business at the address set forth in "Schedule A" annexed hereto

(any that are corporations being organized and existing under the laws of the State set forth

therein), and are made defendants in this action in the capacities and for the reasons alleged

therein.

**Third:** That the United States of America, the People of the State of New York, the State

Tax Commission of the State of New York, the Industrial Commissioner of the State of New

York, and all other agencies or instrumentalities of the Federal, State or local government,

however designated, if named as defendants, are made parties solely by reason of the facts set

forth in the annexed "Schedule B."

**Fourth:** That heretofore, to secure a sum of money to the stated Lender, its successor

and assigns, the defendants duly executed, acknowledged and delivered to the stated Lender, a

certain bond(s) or note(s) whereby they bound their successors or heirs, executors, administrators

and assigns, jointly and severally, in the amount of said sum, as more fully described in the

annexed "Schedule C," said schedule being a copy of the bond(s) or note(s), or accurate reference

to the assumption agreement(s) evidencing indebtedness to plaintiff, together with the terms of

repayment of said sum and rights of the plaintiff.

**Fifth:** Plaintiff is the holder of the Note referenced in paragraph FOURTH and entitled

to enforce the Note. The Note was payable to Plaintiff or indorsed (specifically or in blank) and

negotiated to Plaintiff. A copy of the Note with the indorsement(s) and/or allonge(s) is annexed

hereto as Schedule "C".

**Sixth:** That as security for the payment of said indebtedness, a Purchase Money

Mortgage(s) was executed as annexed hereto in "Schedule D," acknowledged and delivered to

the stated Lender/Mortgagee, its successors and assigns, wherein the named mortgagor or

mortgagors bargained, granted and sold to the mortgagee named therein, its successors and

assigns, the premises more particularly described therein (hereinafter, the "Mortgaged Premises")

under certain conditions with rights, duties and privileges between the parties as described

therein.

**Seventh:** Plaintiff is current holder of the Mortgage securing the Note, the originals of

which are in Plaintiff's possession and control, and Plaintiff is otherwise entitled to enforce the

subject Mortgage and Note pursuant to law.

**Eighth:** That said mortgage(s) was duly recorded and the mortgage tax(es) due thereon

was duly paid in the County Clerk's Office at the place and time that appears therein.

**Ninth:** That Plaintiff has complied with all applicable provisions of the RPAPL Section

1304 and Banking Law, and specifically with Banking Law § 595-a and 6-l and 6-m if

applicable, in securing the aforementioned indebtedness and at all times thereafter. In accordance

with RPAPL Section 1304, a 90 day notice was sent to the borrower at least 90 days ago but

within the last 12 months. The 90 day notice was sent at least 90 days before the commencement

of this foreclosure action. Further, the notice under RPAPL Section 1304 was in 14-point type,

contained the statutorily dictated language and the addresses and phone numbers of at least five

US Department of Housing and Urban Development approved housing counseling agencies in

the region where the borrower resides and was mailed by registered or certified mail and first

class mail to the last known address of the borrower. Plaintiff has fully and completely complied

with the RPAPL Section 1304. Further, Plaintiff has complied fully with RPAPL Section 1306

filing requirements in that the filing with the superintendent was completed within three (3)

business days of the mailing.

**Tenth:** That the defendant(s), GEORGE ARMSTRONG A/K/A GEORGE A.

ARMSTRONG;, has(have) failed to comply with the conditions of the mortgage(s) or bond(s) by

failing to pay portions of principal, interest or taxes, assessments, water rates, insurance

premiums, escrow and/or other charges, all as more fully described in "Schedule E".

**Eleventh**: That plaintiff elects herein to call due the entire amount secured by the mortgage(s) as more than thirty (30) days have elapsed since the date of default.

**Twelfth:** That "Schedule E" sets forth the principal balance due, the default date and rate at which interest accrues and is owing since defendant(s) default.

**Thirteenth:** That in order to protect its security, the plaintiff has paid, if set forth in "Schedule E", or may be compelled to pay during the pendency of this action, local taxes, assessments, water rates, insurance premiums and other charges assessed to the Mortgaged Premises, and hereby requests that any sums paid by it for said purposes, with interest thereon, be added to the sum otherwise due, be deemed secured by the mortgage(s) and be adjudged a valid lien on the Mortgaged Premises.

**Fourteenth:** That the defendants herein have or claim to have some interest in, or lien upon, the Mortgaged Premises or some part thereof, which interest or lien, if any, accrued subsequent to the lien of the plaintiff's mortgage(s).

**Fifteenth:** That the plaintiff is now the true and lawful holder of the said bond(s)/note(s) and is mortgagee of record or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note; and there have been no prior proceedings, at law or otherwise, to collect or enforce the bond(s)/note(s) or mortgage(s) and no such proceedings are currently pending.

**Sixteenth:** That Schedules "A", "B", "C", "D", and "E", be incorporated and made part of the Complaint with the same force and effect as if they were completely and fully set forth wherever reference is made to them herein.

**Seventeenth:** The plaintiff shall not be deemed to have waived, altered, released or changed its election herein by reason of any payment after the commencement of this action of

any or all of the defaults mentioned herein and such election shall continue to be effective.

**WHEREFORE,** plaintiff demands judgment adjudging and decreeing the amounts due it

for principal, interest, costs and reasonable attorneys', fees if provided for in the bond(s), note(s)

or mortgage(s), and that the defendants, and any persons claiming by, through or under them

subsequent to the commencement of this action, and every other person or corporation whose

right, title, conveyance or encumbrance of the Mortgaged Premises is subsequent or recorded

subsequent to the plaintiff's interest, be forever barred and foreclosed of all right, claim, lien,

interest or equity of redemption in and to the Mortgaged Premises; that the Mortgaged Premises,

or part thereof, be decreed to be sold according to law as may be necessary to raise the amounts

due for principal, interest, costs, allowances and disbursements, together with any monies

advanced and paid by the plaintiff; that the plaintiff be paid the amounts due on said bond(s),

note(s) and mortgage(s), and any sums paid by the plaintiff to protect the lien of its mortgage(s)

out of the proceeds from the sale thereof, with interest thereon from the respective dates of

payment thereof, costs and expenses of this action and reasonable attorneys' fees, if provided for

in the bond(s), note(s) or mortgage(s), provided the amount of the sale proceeds permits said

payment; that any of the parties hereto may purchase the Mortgaged Premises at sale; that this

Court, if requested, forthwith appoint a Receiver of the rents and profits of the Mortgaged

Premises with the usual powers and duties associated therewith; that the defendant,  GEORGE

ARMSTRONG A/K/A GEORGE A. ARMSTRONG,  be adjudged to pay any remaining

deficiency unless the Defendant obtained a bankruptcy discharge. The plaintiff hereby reserves its right to share in surplus monies from the sale by virtue of its position as a judgment or other lien creditor, excluding the mortgage(s) foreclosed herein.

Dated: December 29, 2014

MEHMET BASOGLU, ESQ
FEIN, SUCH & CRANE, LLP
Attorneys for Plaintiff
1400 OLD COUNTRY ROAD STE C103
WESTBURY, NY  11590
Telephone: 516/394-6921
FHSN117

## SCHEDULE "A" - DEFENDANTS

| <u>DEFENDANTS</u> | <u>CAPACITY</u> |
|---|---|
| GEORGE ARMSTRONG A/K/A<br>GEORGE A. ARMSTRONG<br>124 BERTHA PLACE<br>STATEN ISLAND, NY 10301 | Defendant(s), who executed a certain Purchase Money Mortgage to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA) to secure the sum of $595,000.00, which was recorded in the RICHMOND County Clerk's Office on July 18, 2005, in Land Doc # 58204. Said Mortgage was assigned by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA) to WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MASTR ALTERNATIVE LOAN TRUST 2005-3 by Assignment dated December 30, 2010 and recorded on January 19, 2011 in the Office of the County Clerk in Land Doc # 367208. Said Mortgage was further assigned by WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MASTR ALTERNATIVE LOAN TRUST 2005-3 to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA) by Gap Assignment dated October 30, 2012 and recorded on April 24, 2013 in the Office of the County Clerk in Liber Land Doc # 475029. Said Mortgage was further assigned by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HSBC MORTGAGE CORPORATION (USA) to HSBC BANK USA, N.A. by Assignment dated November 15, 2011 and recorded November 18, 2011 in Land Doc # 403341. Said Mortgage was further assigned by HSBC BANK USA, N.A. to WILMINGTON TRUST COMPANY NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS SUCCESSOR TRUSTEE TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR MASTR ALTERNATIVE LOAN TRUST 2005-3 by Assignment dated October 30, 2012 and recorded on April 24, 2013 in the Office of the County Clerk/Register in Land Doc # 475028. |
| PC RICHARD & SON LONG ISLAND CORPORATION<br>150 PRICE PARKWAY<br>FARMINGDALE, NY 11735 | Subordinate lien holder by virtue of judgment(s) attached. |
| KAMCO SUPPLY CORP<br>80 21ST STREET<br>BROOKLYN, NY 11232 | Subordinate lien holder by virtue of judgment(s) attached. |
| JOHN DOE # 1-5<br>and JANE DOE # 1-5<br>124 BERTHA PLACE<br>STATEN ISLAND, NY 10301 | Said names being fictitious, it being the intention of Plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein. |

## Judgment Docket - Control Number 000344474 - 02

## For ARMSTRONG, G in RICHMOND COUNTY

| Docketing Data | | Source Document | |
|---|---|---|---|
| Docketing Date | 12/10/2010 | Type | TJ - TRANSCRIPT OF JUDGMENT |
| Docketing Time | 14:00 | County | 52 - SUFFOLK |
| Effective Date | 11/17/2010 | Court | S - SUPREME COURT |
| Effective Time | 14:00 | Total Debtors | 02 |
| Clerk / Seq # | MGRANUCC 002 | Index # | 09 38508 |

| Debtor / Corporation | | | | Creditor | | | |
|---|---|---|---|---|---|---|---|
| Name | ARMSTRONG, GEORGE | Type | I | Name | PC RICHARD & SON LONG ISLAND CORPORATION | Type | C |
| Address | 124 BERTHA PLACE | | | Address | 150 PRICE PARKWAY | | |
| City | SI NY | Zip Code | 10301 | City | FARMINGDALE NY | | Zip Code 11735 |
| Occupation | | | | | | | |

| Creditor Attorney | | | | Satisfaction Data | | |
|---|---|---|---|---|---|---|
| Name | CERTILMAN BALIN ADLER & HYMAN LLP | Type | C | Type | | Sheriff's Execution |
| Address | 90 MERRICK AVE | | | Date | | Operator ID |
| City | EAST MEADOW NY | Zip Code | 11554 | | | |

Amount - $27,286.18

Download Date: 12/10/2010

## Remarks

No Remarks

## Judgment Docket - Control Number 000417306 - 02

## For ARMSTRONG, G in RICHMOND COUNTY

### Docketing Data

| | |
|---|---|
| Docketing Date | 3/26/2014 |
| Docketing Time | 13:50 |
| Effective Date | 3/11/2014 |
| Effective Time | 13:50 |
| Clerk / Seq # | RERIVERA 002 |

### Source Document

| | |
|---|---|
| Type | TJ - TRANSCRIPT OF JUDGMENT |
| County | 24 - KINGS |
| Court | C - CIVIL COURT |
| Total Debtors | 04 |
| Index # | 29901-10 |

### Debtor / Corporation

| | | | |
|---|---|---|---|
| Name | ARMSTRONG, GEORGE | Type | I |
| Address | 124 BERTHA PL | | |
| City | SINY | Zip Code | 10305 |
| Occupation | | | |

### Creditor

| | | | |
|---|---|---|---|
| Name | KAMCO SUPPLY CORP | Type | C |
| Address | 80 21ST STREET | | |
| City | BK NY | Zip Code | 11232 |

### Creditor Attorney

| | | | |
|---|---|---|---|
| Name | MARSHALL M STERN PC | Type | C |
| Address | 17 CARDIFF COURT | | |
| City | HUNTINGTON STA NY | Zip Code | 11746 |

### Satisfaction Data

| | |
|---|---|
| Type | Sheriff's Execution |
| Date | Operator ID |

Amount - $1,424.07

Download Date: 3/26/2014

## Remarks

| Date | Remarks |
|---|---|
| 3/26/2014 | DEBTOR: METROPOLIS DEVELOPMENT CORP; GEORGE ARMSTRONG; |
| 3/26/2014 | GEORGE A. ARMSTRONG; SHAREASE ARMSTRONG |

## Judgment Docket - Control Number 000417306 - 03

## For ARMSTRONG, G in RICHMOND COUNTY

### Docketing Data

| | |
|---|---|
| Docketing Date | 3/26/2014 |
| Docketing Time | 13:51 |
| Effective Date | 3/11/2014 |
| Effective Time | 13:51 |
| Clerk / Seq # | RERIVERA 003 |

### Source Document

| | |
|---|---|
| Type | TJ - TRANSCRIPT OF JUDGMENT |
| County | 24 - KINGS |
| Court | C - CIVIL COURT |
| Total Debtors | 04 |
| Index # | 29901-10 |

### Debtor / Corporation

| | | | |
|---|---|---|---|
| Name | ARMSTRONG, GEORGE A | Type | I |
| Address | 124 BERTHA PL | | |
| City | SINY | Zip Code | 10305 |
| Occupation | | | |

### Creditor

| | | | |
|---|---|---|---|
| Name | KAMCO SUPPLY CORP | Type | C |
| Address | 80 21ST STREET | | |
| City | BK NY | Zip Code | 11232 |

### Creditor Attorney

| | | | |
|---|---|---|---|
| Name | MARSHALL M STERN PC | Type | C |
| Address | 17 CARDIFF COURT | | |
| City | HUNTINGTON STA NY | Zip Code | 11746 |

### Satisfaction Data

| | |
|---|---|
| Type | Sheriff's Execution |
| Date | Operator ID |

Amount - $1,424.07

Download Date: 3/26/2014

## Remarks

| Date | Remarks |
|---|---|
| 3/26/2014 | DEBTOR: METROPOLIS DEVELOPMENT CORP; GEORGE ARMSTRONG; |
| 3/26/2014 | GEORGE A. ARMSTRONG; SHAREASE ARMSTRONG |

SCHEDULE "B"

CITY OF NEW YORK NEW YORK       Subordinate lien holder by virtue of judgment(s) attached.
CITY ENVIRONMENTAL CONTROL
BOARD
350 ST. MARKS PLACE
MAIN FLOOR
STATEN ISLAND, NY 10301

UNITED STATES OF AMERICA       Subordinate lien holder by virtue of judgment(s) attached.
O/B/O INTERNAL REVENUE
SERVICE                        Specifically under Index Number 29883, effective June 1, 2010 and docketed June
                               16, 2010 in the amount of $403,952.26.

NYC DEPARTMENT OF              Subordinate lien holder by virtue of judgment(s) attached.
FINANCE-PARKING
VIOLATIONS BUREAU
350 ST. MARKS PLACE
FIRST FLOOR
STATEN ISLAND, NY 10301

NY COMMERCIAL FINANCE CORP     Subordinate lien holder by virtue of judgment(s) attached.
100 BROADWAY
BROOKLYN, NY 11249

NEW YORK STATE DEPARTMENT      Subordinate lien holder by virtue of judgment(s) attached.
OF TAXATION AND FINANCE

ALBANY, NY

# Exhibit "C"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

IN RE

GEORGE A. ARMSTRONG DBA HANCOCK
ST SML LLC

                    DEBTOR

CHAPTER 7

CASE NO. 1-19-44826-nhl

JUDGE: Nancy Hershey Lord

---

RELIEF FROM STAY – REAL ESTATE AND
COOPERATIVE APARTMENTS

## BACKGROUND INFORMATION

1. ADDRESS OF REAL PROPERTY OR COOPERATIVE APARTMENT: 124 Bertha Place, Staten Island, NY 10301

2. LENDER NAME: U.S. Bank National Association, not in its individual capacity but solely as Trustee for Mastr Alternative Loan Trust 2005-3 Mortgage Pass-Through Certificates, Series 2005-3

3. MORTGAGE DATE: 12/30/2004

4. POST-PETITION PAYMENT ADDRESS:
Nationstar Mortgage LLC d/b/a Mr. Cooper, P.O. Box 619094, Dallas, TX 75261-9741

## DEBT AND VALUE REPRESENTATIONS

5. TOTAL PRE-PETITION AND POST-PETITION INDEBTEDNESS OF DEBTOR(S) TO MOVANT AS OF THE MOTION FILING DATE: $1,008,000.04 as of 08/12/2019
(*THIS MAY NOT BE RELIED UPON AS A "PAYOFF" QUOTATION.*)

6. MOVANT'S ESTIMATED MARKET VALUE OF THE REAL PROPERTY OR COOPERATIVE APARTMENT AS OF THE MOTION FILING DATE: $1,500,000.00

7. SOURCE OF ESTIMATED MARKET VALUE: Debtor's Schedule A/B

19-083253

## STATUS OF THE DEBT AS OF THE PAYOFF DATE

8.  DEBTOR(S)'S INDEBTEDNESS TO MOVANT AS OF THE PAYOFF DATE:

    A.  TOTAL:                                            $    1,008,000.04

    B.  PRINCIPAL:                                    $    552,102.54

    C.  INTEREST:                                     $    320,223.75

    D.  ESCROW (TAXES AND INSURANCE):      $    127,905.62

    E.  FORCED PLACED INSURANCE EXPENDED BY MOVANT:    $    0.00

    F.  PRE-PETITION ATTORNEYS' FEES CHARGED TO DEBTOR(S):  $    0.00

    G.  PRE-PETITION LATE FEES CHARGED TO DEBTOR(S):    $    0.00

9.  CONTRACT INTEREST RATE: <u>6.25%</u>

   *(IF THE INTEREST RATE HAS CHANGED, LIST THE RATE(S) AND DATE(S) THAT EACH RATE WAS IN EFFECT ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM.  STATE THE EXHIBIT NUMBER HERE: _____.)*

10. OTHER PRE-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE:

<u>Fees & Costs Due (Lump Sum): $7,768.13</u>

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: _____.)*

## AMOUNT OF DEFAULT AS OF THE MOTION FILING DATE

11. DATE OF RECEIPT OF LAST PAYMENT: <u>07/30/2010</u>

12. NUMBER OF PAYMENTS DUE TO MOTION FILING DATE: <u>111</u> PAYMENTS.

19-083253

13. PAYMENTS IN DEFAULT:

| PAYMENT DUE DATE | AMOUNT DUE | AMOUNT RECEIVED | AMOUNT APPLIED TO PRINCIPAL | AMOUNT APPLIED TO INTEREST | AMOUNT APPLIED TO ESCROW | LATE FEE CHARGED |
|---|---|---|---|---|---|---|
| 6/1/10-8/1/19 | $4,826.30 per month | $      0.00 | $      0.00 | $      0.00 | $      0.00 | $      0.00 |
| TOTALS | $535,719.30 | $      0.00 | $      0.00 | $      0.00 | $      0.00 | $      0.00 |

*Since the drafting of the Motion the September 1, 2019 payment has become due.

14. OTHER POST-PETITION FEES CHARGED TO DEBTOR(S):

    A.  TOTAL:      $_____ 0.00

    B.  ATTORNEY'S FEES IN CONNECTION WITH THIS MOTION:      $_____ 0.00

    C.  FILING FEE IN CONNECTION WITH THIS MOTION:      $_____ 0.00

    D.  OTHER POST-PETITION ATTORNEYS' FEES:      $_____ 0.00

    E.  POST-PETITION INSPECTION FEES:      $_____ 0.00

    F.  POST-PETITION APPRAISAL/BROKER'S PRICE OPINION FEES:      $_____ 0.00

    G.  FORCED PLACED INSURANCE EXPENDED BY MOVANT:      $_____ 0.00

15. AMOUNT HELD IN SUSPENSE BY MOVANT:      $_____ 0.00

16. OTHER POST-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE:

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM; STATE THE EXHIBIT NUMBER HERE: _____.)*

19-083253

## REQUIRED ATTACHMENTS TO MOTION

PLEASE ATTACH THE FOLLOWING DOCUMENTS TO THIS MOTION AND INDICATE THE EXHIBIT NUMBER ASSOCIATED WITH EACH DOCUMENT.

(1)    COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S INTEREST IN THE SUBJECT PROPERTY.  FOR PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE PROMISSORY NOTE OR OTHER DEBT INSTRUMENT TOGETHER WITH A COMPLETE AND LEGIBLE COPY OF THE MORTGAGE AND ANY ASSIGNMENTS IN THE CHAIN FROM THE ORIGINAL MORTGAGEE TO THE CURRENT MOVING PARTY. (EXHIBIT A.)

(2)    COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S STANDING TO BRING THIS MOTION. (EXHIBIT A.)

(3)    COPIES OF DOCUMENTS ESTABLISHING THAT MOVANT'S INTEREST IN THE REAL PROPERTY OR COOPERATIVE APARTMENT WAS PERFECTED. FOR THE PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE FINANCING STATEMENT (UCC-1) FILED WITH THE CLERK'S OFFICE OR THE REGISTER OF THE COUNTY IN WHICH THE PROPERTY OR COOPERATIVE APARTMENT IS LOCATED. (EXHIBIT ___.)

19-083253

**DECLARATION AS TO BUSINESS RECORDS**

I, _Mary Gracia_, THE _Assistant Secretary_ OF _Nationstar Mortgage LLC d/b/a Mr. Cooper,_ THE MOVANT HEREIN, DECLARE PURSUANT TO 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE INFORMATION PROVIDED IN THIS FORM AND ANY EXHIBITS ATTACHED HERETO (OTHER THAN THE TRANSACTIONAL DOCUMENTS ATTACHED AS REQUIRED BY PARAGRAPHS 1, 2, AND 3, ABOVE) IS DERIVED FROM RECORDS THAT WERE MADE AT OR NEAR THE TIME OF THE OCCURRENCE OF THE MATTERS SET FORTH BY, OR FROM INFORMATION TRANSMITTED BY, A PERSON WITH KNOWLEDGE OF THOSE MATTERS; THAT THE RECORDS WERE KEPT IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY; AND THAT THE RECORDS WERE MADE IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY AS A REGULAR PRACTICE.

I FURTHER DECLARE THAT COPIES OF ANY TRANSACTIONAL DOCUMENTS ATTACHED TO THIS FORM AS REQUIRED BY PARAGRAPHS 1, 2, AND 3, ABOVE, ARE TRUE AND CORRECT COPIES OF THE ORIGINAL DOCUMENTS.

EXECUTED AT _September_
ON THIS _17_ DAY OF _September_, 20 _19_

Mary Gracia
Assistant Secretary of Nationstar Mortgage LLC
d/b/a Mr. Cooper
Affiant

_Mary Gracia_

NAME:
TITLE:
MOVANT:     Nationstar Mortgage LLC d/b/a Mr.
Cooper as Servicer for U.S. Bank
National Association, not in its
individual capacity but solely as Trustee
for Mastr Alternative Loan Trust 2005-3
Mortgage Pass-Through Certificates,
Series 2005-3
STREET ADDRESS:     8950 Cypress Waters Blvd
CITY, STATE AND ZIP CODE:     Coppell, Texas 75019

**DECLARATION**

I, _Mary Gracia_, THE _Assistant Secretary_ OF _Nationstar Mortgage LLC d/b/a Mr. Cooper,_ THE MOVANT HEREIN, DECLARE PURSUANT TO 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT BASED ON PERSONAL KNOWLEDGE OF THE MOVANT'S BOOKS AND BUSINESS RECORDS.

EXECUTED AT _Lewisville, TX_
ON THIS _17_ DAY OF _September_, 20 _19_

Mary Gracia
Assistant Secretary of Nationstar Mortgage LLC
d/b/a Mr. Cooper
Affiant

_Mary Gracia_

NAME:
TITLE:
MOVANT:     Nationstar Mortgage LLC d/b/a Mr.
Cooper as Servicer for U.S. Bank
National Association, not in its
individual capacity but solely as Trustee
for Mastr Alternative Loan Trust 2005-3
Mortgage Pass-Through Certificates,
Series 2005-3
STREET ADDRESS:     8950 Cypress Waters Blvd
CITY, STATE AND ZIP CODE:     Coppell, Texas 75019

19-083253

Exhibit "D"

Fill in this information to identify your case and this filing:

Debtor 1       GEORGE                    A                    ARMSTRONG
               First Name                Middle Name          Last Name

Debtor 2
(Spouse, if filing)  First Name          Middle Name          Last Name

United States Bankruptcy Court for the:  Eastern District of New York

Case number   1-19-44826

☐ Check if this is an
   amended filing

## Official Form 106A/B

# Schedule A/B: Property                                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☐ No. Go to Part 2.
   ☒ Yes. Where is the property?

**1.1.**  124 BERTHA PL
Street address, if available, or other description

STATEN ISLAND        NY    10301
City                 State  ZIP Code

RICHMOND
County

**What is the property?** Check all that apply.
☒ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    Current value of the portion you own?
$1,500,000.00                            $_____

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

Fee Simple Ownership

☐ Check if this is community property
   (see instructions)

If you own or have more than one, list here:

**1.2.**
Street address, if available, or other description

_____

City                 State  ZIP Code

County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    Current value of the portion you own?
$_____                                $_____

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

_____

☐ Check if this is community property
   (see instructions)

Debtor 1    GEORGE    A    ARMSTRONG    Case number (if known) 1-19-44826
First Name    Middle Name    Last Name

---

**1.3.** _____
Street address, if available, or other description

_____

_____

City            State    ZIP Code

_____

County

**What is the property?** Check all that apply.

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☐ Land

☐ Investment property

☐ Timeshare

☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:** _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

$_____    $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ **Check if this is community property** (see instructions)

---

**2.** Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here. ................................................→    $0.00

---

## Part 2:    Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

**3.** Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☒ No

☐ Yes

**3.1.** Make:    _____

Model:    _____

Year:    _____

Approximate mileage:    _____

Other information:

[    ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

$_____    $_____

If you own or have more than one, describe here:

**3.2.** Make:    _____

Model:    _____

Year:    _____

Approximate mileage:    _____

Other information:

[    ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

$_____    $_____

---

Debtor 1  GEORGE    A        ARMSTRONG _____     Case number (if known) 1-19-44826
           First Name    Middle Name    Last Name

---

**3.3.** Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

| |
|---|

**Who has an interest in the property?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

---

**3.4.** Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

| |
|---|

**Who has an interest in the property?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

---

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☒ No
☐ Yes

**4.1.** Make: _____

Model: _____

Year: _____

Other information:

| |
|---|

**Who has an interest in the property?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

If you own or have more than one, list here:

**4.2.** Make: _____

Model: _____

Year: _____

Other information:

| |
|---|

**Who has an interest in the property?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

---

**5.** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here ......................................... →   $_____

---

Debtor 1    GEORGE    A    ARMSTRONG    Case number *(if known)* 1-19-44826
First Name    Middle Name    Last Name

| **Part 3:** | **Describe Your Personal and Household Items** |

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
☒ Yes. Describe......... HOUSEHOLD GOODS AND FURNISHINGS        $3,500.00

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☒ No
☐ Yes. Describe.........        $_____

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
☒ No
☐ Yes. Describe.........        $_____

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
☒ No
☐ Yes. Describe.........        $_____

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
☒ No
☐ Yes. Describe.........        $_____

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
☒ Yes. Describe......... PERSONAL CLOTHING        $450.00

**12. Jewelry**
Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
☒ Yes. Describe......... WATCH        $350.00

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses
☒ No
☐ Yes. Describe.........        $_____

**14. Any other personal and household items you did not already list, including any health aids you did not list**
☒ No
☐ Yes. Give specific information...............        $_____

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ...........................................................................➔   $4,300.00

Debtor 1  GEORGE    A    ARMSTRONG _____    Case number *(if known)* 1-19-44826 _____
          First Name  Middle Name  Last Name

| Part 4: | Describe Your Financial Assets |
|---------|-------------------------------|

Do you own or have any legal or equitable interest in any of the following?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

    ☐ No
    ☒ Yes.................................................................................................    Cash: ....................  $75.00 _____

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

    ☐ No
    ☒ Yes.....................                      Institution name:

    17.1. Checking account:    CITIBANK _____    $1,000.00 _____

    17.2. Checking account:    _____    $ _____

    17.3. Savings account:    _____    $ _____

    17.4. Savings account:    _____    $ _____

    17.5. Certificates of deposit:    _____    $ _____

    17.6. Other financial account:    _____    $ _____

    17.7. Other financial account:    _____    $ _____

    17.8. Other financial account:    _____    $ _____

    17.9. Other financial account:    _____    $ _____

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

    ☒ No
    ☐ Yes.................                      Institution or issuer name:

    _____    $ _____
    _____    $ _____
    _____    $ _____

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

    ☒ No                      Name of entity:                      % of ownership:
    ☐ Yes. Give specific    _____    _____ %    $ _____
       information about    _____    _____ %    $ _____
       them. ..................    _____    _____ %    $ _____

Debtor 1    GEORGE    A    ARMSTRONG    Case number (if known) 1-19-44826
_____    _____    _____
First Name    Middle Name    Last Name

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☒ No
☐ Yes. Give specific    Issuer name:
    information about
    them. .....................    _____    $_____
    _____    $_____
    _____    $_____

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☒ No
☐ Yes. List each
    account separately..    Type of account:    Institution name:

    401(k) or similar plan:    _____    $_____

    Pension plan:    _____    $_____

    IRA:    _____    $_____

    Retirement account:    _____    $_____

    Keogh:    _____    $_____

    Additional account:    _____    $_____

    Additional account:    _____    $_____

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company

*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
companies, or others

☒ No
☐ Yes...........................    Institution name or individual:

    Electric:    _____    $_____

    Gas:    _____    $_____

    Heating oil:    _____    $_____

    Security deposit on rental unit:    _____    $_____

    Prepaid rent:    _____    $_____

    Telephone:    _____    $_____

    Water:    _____    $_____

    Rented furniture:    _____    $_____

    Other:    _____    $_____

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☒ No
☐ Yes...........................    Issuer name and description:
    _____    $_____
    _____    $_____
    _____    $_____

Debtor 1    <u>GEORGE     A        ARMSTRONG</u>                                    Case number *(if known)*<u>1-19-44826</u>
        First Name   Middle Name   Last Name

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☒ No

☐ Yes .................................    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

                                                                                             $_____

                                                                                             $_____

                                                                                             $_____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☒ No

☐ Yes. Give specific
information about them. ..                                                             $_____

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☒ No

☐ Yes. Give specific
information about them. ..                                                             $_____

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☒ No

☐ Yes. Give specific
information about them. ..                                                             $_____

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**

☒ No

☐ Yes. Give specific information
about them, including whether
you already filed the returns
and the tax years. ......................

Federal:    $_____

State:    $_____

Local:    $_____

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☒ No

☐ Yes. Give specific information. .............

Alimony:    $_____

Maintenance:    $_____

Support:    $_____

Divorce settlement:    $_____

Property settlement:    $_____

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation,
Social Security benefits; unpaid loans you made to someone else

☒ No

☐ Yes. Give specific information. .............                                                             $_____

Debtor 1  <u>GEORGE      A          ARMSTRONG</u>                    Case number *(if known)* 1-19-44826
      First Name  Middle Name  Last Name

**31. Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☒ No

☐ Yes. Name the insurance company
of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive
property because someone has died.

☒ No

☐ Yes. Give specific information. .............                                    $

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☒ No

☐ Yes. Describe each claim.....................                                    $

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights
to set off claims**

☒ No

☐ Yes. Describe each claim.....................                                    $

**35. Any financial assets you did not already list**

☒ No

☐ Yes. Give specific information. ...........                                      $

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
for Part 4. Write that number here** ................................................................ ➔   | $1,075.00 |

---

**Part 5:**   **Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**

☒ No. Go to Part 6.

☐ Yes. Go to line 38.

**Current value of the
portion you own?**
Do not deduct secured claims
or exemptions.

**38. Accounts receivable or commissions you already earned**

☒ No

☐ Yes. Describe.......                                                              $

**39. Office equipment, furnishings, and supplies**

*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☒ No

☐ Yes. Describe.......                                                              $

Debtor 1    <u>GEORGE      A      ARMSTRONG</u>                    Case number (if known) 1-19-44826
            First Name   Middle Name   Last Name

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☒ No
☐ Yes. Describe ........                                                                $_____

41. **Inventory**

☒ No
☐ Yes. Describe ........                                                                $_____

42. **Interests in partnerships or joint ventures**

☒ No
☐ Yes. Describe ........    Name of entity:                          % of ownership:
                          _____              _____%    $_____
                          _____              _____%    $_____
                          _____              _____%    $_____

43. **Customer lists, mailing lists, or other compilations**

☒ No
☐ Yes. Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?

    ☒ No
    ☐ Yes. Describe.........                                                           $_____

44. **Any business-related property you did not already list**

☒ No
☐ Yes. Give specific
    information .........    _____              $_____
                          _____              $_____
                          _____              $_____
                          _____              $_____
                          _____              $_____
                          _____              $_____

45. **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached**
    **for Part 5. Write that number here** ....................................................................→    $0.00

---

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☒ No. Go to Part 7.
☐ Yes. Go to line 47.

                                                                    **Current value of the**
                                                                    **portion you own?**
                                                                    Do not deduct secured claims
                                                                    or exemptions.

47. **Farm animals**
    *Examples*: Livestock, poultry, farm-raised fish

☒ No
☐ Yes........................                                                           $_____

---

Debtor 1  GEORGE      A        ARMSTRONG                           Case number (if known) 1-19-44826
          First Name   Middle Name   Last Name

**48. Crops—either growing or harvested**

☒ No

☐ Yes. Give specific
   information. ...........                                                         $_____

**49. Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☒ No

☐ Yes.........................                                                      $_____

**50. Farm and fishing supplies, chemicals, and feed**

☒ No

☐ Yes.........................                                                      $_____

**51. Any farm- and commercial fishing-related property you did not already list**

☒ No

☐ Yes. Give specific
   information. ...........                                                         $_____

**52. Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached
for Part 6. Write that number here** ...............................................................→    | $0.00 |

---

### Part 7:   Describe All Property You Own or Have an Interest in That You Did Not List Above

**53. Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

☒ No

☐ Yes. Give specific
   information. ............                                                        $_____
                                                                                   $_____
                                                                                   $_____

**54. Add the dollar value of all of your entries from Part 7. Write that number here** ...................→    | $_____ |

---

### Part 8:   List the Totals of Each Part of this Form

**55. Part 1: Total real estate, line 2** .................................................................→    | $0.00 |

**56. Part 2: Total vehicles, line 5**                    $0.00

**57. Part 3: Total personal and household items, line 15**    $4,300.00

**58. Part 4: Total financial assets, line 36**           $1,075.00

**59. Part 5: Total business-related property, line 45**   $0.00

**60. Part 6: Total farm- and fishing-related property, line 52**   $0.00

**61. Part 7: Total other property not listed, line 54**   + $0.00

**62. Total personal property.** Add lines 56 through 61. ...............    | $5,375.00 |    Copy personal property total →  + $5,375.00

**63. Total of all property on Schedule A/B.** Add line 55 + line 62. ..............................    | $5,375.00 |

**SHAPIRO, DICARO & BARAK, LLC**
Attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper
as Servicer for U.S. Bank National Association, not in its
individual capacity but solely as Trustee for Mastr
Alternative Loan Trust 2005-3 Mortgage Pass-Through
Certificates, Series 2005-3
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000, Fax: (585) 247-7380
**Nicole DiStasio**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| IN RE | CHAPTER 7 |
| GEORGE A. ARMSTRONG DBA HANCOCK ST SML LLC | CASE NO. 1-19-44826-nhl |
| | JUDGE: Nancy Hershey Lord |
| DEBTOR | MOTION DATE: DECEMBER 5, 2019 |
| | MOTION TIME: 11:00 AM |

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                                        )ss:
COUNTY OF MONROE     )


I, Misty Elardo, being sworn, say, I am not a party to this action; I am over 18 years of age,

I reside in Rochester, New York.

On September 19, 2019 I served the within Notice of Motion, Affirmation in Support,

Exhibits and Proposed Order Granting Relief from the Automatic Stay upon:

TO:      Debtor
             George A. Armstrong
             124 Bertha Place
             Staten Island, NY 10301

Attorney for Debtor
Daniel R. Miller
503 4th Avenue
Brooklyn, NY 11215

19-083253

Trustee
David J. Doyaga
26 Court Street
Suite 1601
Brooklyn, NY 11242

U.S. Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

Robert K Marchese
c/o Sergio Benitez
1110 South Avenue
Staten Island, NY 10314

at the addresses designated by the foregoing individuals for that purpose by depositing a true copy

of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the

exclusive care and custody of the United States Postal Service within the State of New York.

Date: September 19, 2019

Misty Elardo
Bankruptcy Assistant
Shapiro, DiCaro & Barak, LLC
Attorneys for Nationstar Mortgage LLC
d/b/a Mr. Cooper as Servicer for U.S. Bank
National Association, not in its individual
capacity but solely as Trustee for Mastr
Alternative Loan Trust 2005-3 Mortgage
Pass-Through Certificates, Series 2005-3
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380

Sworn to before me this
19 day of September, 20 19

Notary Public

KATRINA BELLIS
Notary Public. State of New York
No. 01BE6128872
Qualified in Monroe County
Commission Expires June 20, 20

19-083253